**Ernest E. WILSON and Beulah Wilson, Petitioners,**

v.

**Neva Belle Bailey JOHNSON, Respondent.**

Supreme Court of Tennessee.

April 10, 1978.

Tom H. Williams, Jr. Nashville, for petitioners.

Keaton, Turner & Peluso, Hohenwald, for respondent.

## OPINION

COOPER, Justice.

The petition for certiorari was granted in this case to review the action of the Court of Appeals in affirming an order of the Chancery Court of Lewis County for the sale of real property of Ernest E. Wilson and Beulah Wilson.

The Wilsons are indebted on a promissory note in the amount of $25,000.00, payable to Georgia Sibyl Johnson at the rate of $200.00 per month. Payment of the note is secured by a deed of trust on the Wilson property.

Neva Belle Bailey Johnson filed an action in the Chancery Court of Lewis County against the Wilsons, Georgia Sibyl Johnson, and Charles Moody Johnson, the former husband of the plaintiff, to have payments on the promissory note made to her in satisfaction of a judgment she held against Mr. Johnson. Plaintiff's theory was that her former husband had loaned the Wilsons $25,000.00, and had had the deed of trust drafted so as to fraudulently indicate a

non-existent loan from Georgia Sibyl Johnson, Mr. Johnson's sister, to the Wilsons. The Johnsons made no defense to the action, being content to have default judgments entered against them.

In the course of proceedings, on motion of the plaintiff, the chancellor ordered the Wilsons to make payments to the clerk and master as they became due on the note, and ordered the Wilsons to file the note with the clerk and master.

The Wilsons failed to make the required payments on the note and, on motion of Mrs. Johnson, the chancellor ordered the Wilson property sold.

■ The Wilsons insist that they were not given a hearing on the merits before entry of the order of sale and thus were deprived of property without due process. They also contend that the sale was punishment for petitioners' failure to make payments on the note and deed of trust. Neither contention is borne out by the record. The order of sale shows that there was a hearing on the charges that the Wilsons had failed to make payments on the notes. Evidence was received from the clerk and master and from Ernest Wilson. The chancellor found from the statements of these witnesses and the entire record, that the Wilsons were in default on the note and the sale of the property was to be "in the manner provided for by law and the above referred to trust deed." And as pointed out by the Court of Appeals, "as we have no bill of exceptions, we must conclusively presume that there was sufficient evidence before the Trial Judge to reach the conclusions that he did reach." *See Dattel v. Tidwell*, 512 S.W.2d 550 (Tenn.1974) and *Norris v. Richards*, 45 Tenn.App. 100, 320 S.W.2d 730 (1958).

■ The Wilsons also complain of the action of the Court of Appeals in affirming the order of sale, where the note involved had not been surrendered and there had been no finding of fraud on the part of the Wilsons. T.C.A. § 23-705 provides that the garnishee shall not be made liable on a debt evidenced by negotiable or assignable paper, unless such paper is delivered or the garnishee completely exonerated or indemnified from all liability thereon after he may have satisfied the judgment or decree. In affirming the order of sale, the Court of Appeals remanded the case to the chancery court "so that in enforcing this decree the provisions of Section 23-705, T.C.A. be complied with by affording indemnity to the defendants in the event of their payment of the note into Court as is ordered by the Chancellor unless their conduct in this matter shows such collusion and/or fraud as to relieve of the necessity of requiring indemnity." We see no basic error in the action of the Court of Appeals for it affords petitioners the protection from additional liability contemplated by T.C.A. § 23-705.

■ Petitioners have also represented to this court that actions have been taken by the chancery court while the cause was pending in the Court of Appeals, including the sale of property and the issuance of a writ of possession without indemnification of defendants against future liability on the note, despite the fact that no procedendo issued to the chancery court authorizing it to so act. These matters are not before this court on petition for certiorari, but are matters properly to be considered by the Court of Appeals, provided petitioners perfect the appeal granted them by the Chancery Court of Lewis County.

Affirmed. Costs in this court are adjudged against Ernest E. Wilson and Beulah Wilson and their surety.

HENRY, C. J., and FONES, BROCK and HARBISON, JJ., concur.