Betsy Ann LYON, Plaintiff–Appellee,

v.

Charles H. LYON, Defendant–Appellant.

Court of Appeals of Tennessee, Western Section, at Jackson.

Sept. 29, 1988.

Application for Permission to Appeal Denied by Supreme Court Dec. 12, 1988.

Betsy Ann Lyon, pro se.

Charles Howard Lyon, pro se.

CRAWFORD, Judge.

This is an appeal from a judgment in a divorce case. Defendant, Charles Lyon (hereinafter Husband) appeals from the judgment of the chancery court granting a divorce and other relief to plaintiff, Betsy Ann Lyon (hereinafter referred to as Wife). Husband is appearing pro se and Wife has not filed a brief in the case.

Wife filed the original complaint for divorce July 21, 1981, seeking a divorce on the grounds of cruel and inhuman treatment, custody of their minor child, Jody Lynn Lyon, who was ten years of age at that time, division of marital property, alimony and child support. Wife also sought and was granted a restraining order which restrained and prohibited Husband from coming around the home and the minor child of the parties and from in any manner disposing of the property held by the parties jointly and by the defendant individually.

There is no transcript or statement of the evidence so our review of the record is confined to what was formerly referred to as the technical record. This review reflects that from the time of the filing of the original complaint through the entry of an order on January 26, 1983, both parties were represented by counsel and several agreed judgments concerning the sale and disposition of their property and support for their minor child were entered. Significantly, during this period of time Husband did not file an answer to the complaint, nor take any action whatsoever to dissolve the restraining order originally granted.

The record reveals that Husband was convicted in the Circuit Court of Henry County of the crime of incest and sentenced to eight to twelve years in the state penitentiary. The judgment of conviction entered in the circuit court on December 3, 1981, set a $75,000 appearance bond, pending post trial proceedings. Husband posted $75,000 cash with the circuit court clerk and at the conclusion of the criminal proceeding the chancery court in the instant case issued a restraining order requiring that the cash bond be held by the circuit court clerk pending further orders of the chancery court.

On August 5, 1987, Husband appeared pro se for the first time and filed a pleading entitled "Suit at Law Cross Complaint for Absolute Divorce." This pleading purports to answer the allegations of Wife's original complaint for divorce and alleges that her allegations are frivolous, malicious and fraudulent. Husband denies that Wife has any interest in the property which she sought in her complaint and he denies that she is entitled to any of the property of the parties. The pleading further alleges that the restraining order concerning the property was void because it violated the Constitution of the United States, Amendments I, IV, VII and XIV. Husband further contends that the restraining order concerning the cash bond held in circuit court is null and void, and that the court should rescind this order.

Wife filed an answer joining issue on the material allegations of the Husband's complaint.

After trial on October 7, 1987, the court filed its written findings on November 5, 1987, and entered judgment on December 30, 1987. The judgment states:

> This cause came on to be heard on this, the 7th day of October, 1987 before the Honorable Walton West, Chancellor, holding the Chancery Court in and for Henry County at Paris, Tennessee upon the original complaint, answer to the original complaint, "suit at law" by the defendant, response to the defendant's suit at law, the testimony of the parties under oath in open court, exhibits, the testimony of witnesses, the statements of counsel for the plaintiff and the defendant who appeared in his own behalf and upon the entire record from all of which the Court took the matter under advisement and issued written Findings dated the 4th day of November, 1987 which provide:

### FINDING

> In this divorce case the disputes are (1) which party is entitled to a divorce, (2) a division of the parties' property, (3) a determination of whether the plaintiff should be awarded alimony, and (4) the placement of the parties' child for purposes of custody and the amount of child support, if any, to be paid.
>
> The parties in this divorce case were married in 1970 and they have had one child born of the marriage, a daughter, age 15.

The court finds that the defendant has physically abused the wife on at least one occasion prior to the parties separating and that such physical abuse was without provocation on the part of the plaintiff. The evidence further reveals that the defendant has been convicted of a felony and the court therefore concludes that the plaintiff is entitled to a divorce on the grounds of cruel and inhuman treatment and also as a result of the defendant's conviction for the commission of a felony.

The parties have accumulated little property to be divided in this divorce proceeding. During their marriage they had their real property lost due to the foreclosure and the parties lost any equity they had in their residence and farm as a result of the foreclosure. The court does not deem it appropriate to conclude that the defendant is in any way responsible for the loss of any equity as a result of the foreclosure in that he had no legal obligation to utilize his own individual funds which he had inherited to make any payments on the debt which secured the parties' real property. Furthermore, at the time of the foreclosure the defendant had been restrained from expending any of the monies he had inherited and these monies were the sole asset of the defendant at the time of the foreclosure.

Apparently neither party makes any claim toward the property of the other in real property located outside of Tennessee.

As to the issue of alimony, it appears the plaintiff's age is 49 and that she presently is employed earning an approximate net amount of $767 each month. It further appears that her total reasonable and necessary living expenses each month approximate $1,050. The plaintiff does not appear to have any special skills or the educational background which will allow her to obtain a better paying job. The sole asset of the defendant is a sum of money he inherited in the amount of $75,000 which was posted as bond relative to criminal charges against the defendant and is presently being held by the Circuit Court Clerk of Henry County.

It appears the funds are now available to be released to the defendant upon an appropriate order to the Circuit Court Clerk.

It is the opinion of the court that the plaintiff, considering her age and education, is in need of rehabilitative alimony, and that the amount of $20,000 is a reasonable amount of alimony to be awarded the plaintiff from the individual estate of the defendant.

The court further finds that the plaintiff is a fit and proper person to have custody of the parties' minor child and that the defendant should pay the sum of $250 per month as child support. In view of the fact the defendant is presently unemployed, and considering his past employment record, the court is of the opinion that an amount of $6,000 of the defendant's monies shall be paid over the Clerk and Master of the Chancery Court as security for any future child support payments.

If during the course of the time the defendant is required to pay monthly child support payments he shall fail to do so, the Clerk and Master then shall be directed to forward to the plaintiff the amount of $250.00 from the funds being held in the clerk's custody to secure the payment of child support.

The custody of the parties' minor child is placed with the mother and the father shall have such reasonable visitation with the child as the child wishes to exercise considering her age and preferences relative to visitation with her father.

The plaintiff is further awarded alimony in the amount of $3,500 which represents her attorney fees incurred in the case. The costs of the cause are taxed to the defendant and a lien is established on the funds held by the Circuit Court Clerk for the payment of the costs in this cause. This the 4th day of November, 1987.

Walton West, Chancellor

IT IS, therefore, ORDERED and ADJUDGED that the plaintiff, Betsy Ann Lyon, be and she is hereby granted an absolute divorce with the bonds of matri-

mony heretofore existing and subsisting by and between the plaintiff and defendant absolutely and forever dissolved.

IT IS, further, ORDERED and ADJUDGED that the plaintiff, Betsy Ann Lyon, be and she is hereby granted the exclusive care, custody and control of the parties' minor daughter, Jodi Lyon and the defendant is granted such visitation as his daughter personally desires to have with him.

IT IS, further, ORDERED and ADJUDGED that the defendant, Charles Howard Lyon, be and he is hereby ordered to pay as reasonable child support the sum of $250.00 per month beginning on or about the first day of the month following entry of this Judgment.

IT IS, further, ORDERED and ADJUDGED that the defendant Charles Howard Lyon be and he is hereby ordered to pay into the hands of the Clerk and Master of this Court the sum of $6,000.00 as security for the child support obligation hereinbefore fixed which funds shall be held by the Clerk and Master in an account drawing interest but where the money may be withdrawn at will and from which funds the Clerk and Master shall, upon written notice of the plaintiff of the defendant's failure to make a monthly child support payment make such payment to the plaintiff from the funds plus an additional withdrawal for Clerk's commission of 5%. Any monies remaining in the hands of the Clerk and Master after the minor child's eighteenth birthday shall be paid over to the defendant less any Clerk's commission.

IT IS, further, ORDERED and ADJUDGED that the plaintiff be and she is hereby granted a Judgment against the defendant for rehabilitative alimony in the amount of $20,000.00.

IT IS, further, ORDERED and ADJUDGED that the plaintiff have and recover from the defendant as additional alimony in the sum of $3,500.00.

This cause shall be retired from the docket upon the payment of all costs by the defendant for which execution may issue.

■ Husband has appealed pro se and presents nineteen issues for review. Hus-

band improperly includes Wife's former counsel of record as a party to this appeal. No judgment has been entered which involves the attorney and he was not a party to the suit below. Accordingly, the appeal will be dismissed insofar as it concerns the attorney and we will not refer to the issues as they allegedly pertain to him.

The first issue is whether the trial judge erred in refusing to provide Husband a transcript of the evidence.

■ Husband filed a motion in the trial court requesting that he be furnished a copy of the transcript of the evidence at the cost of the respondent pursuant to T.C.A. § 40–14–301 *et seq.* (1982). Husband is relying on statutes pertaining to the rights of defendants in criminal cases, which have no application to civil cases such as that before the Court. Husband has cited no authority requiring that a party to a civil case be furnished the transcript of the evidence. This issue is without merit.

The second issue is whether the Chancellor denied Husband "due process of law" and the "equal protection of the law" when he refused to hear Husband's "Writ of Error Coram Nobis." After the court filed its findings on November 5, 1987, Husband filed a "Writ of Error Coram Nobis." Although writs of error coram nobis were abolished in civil cases by Rule 60.02, Tennessee Rules of Civil Procedure, we will treat this pleading as a motion for a new trial or to alter or amend the judgment pursuant to Rule 59, Tennessee Rules of Civil Procedure. This pleading was filed by Husband on November 12, 1987, after the findings of the court were filed November 5, 1987. The final judgment was entered December 30, 1987, and it is implicit from the entry of this judgment after the filing by Husband of his "Writ of Error Coram Nobis" that the trial court found the "Writ" without merit. Accordingly, we find that the trial court considered and denied Husband's motion.

■ The third, fourth and sixth issues are whether the trial court erred in its award of alimony. The amount of alimony and counsel fees awarded in a divorce case are largely in the trial judge's discretion.

This court will not interfere except upon a clear showing of abuse of such discretion. *Abney v. Abney,* 61 Tenn.App. 531, 456 S.W.2d 364 (1970); *Crouch v. Crouch,* 53 Tenn.App. 594, 385 S.W.2d 288 (1964). There is nothing in the record before this Court to indicate any abuse of discretion on the part of the trial court in its award of alimony. This issue is without merit.

■ The fifth issue for review is whether the trial court erred in awarding Wife a divorce on the grounds of cruel and inhuman treatment and conviction of a felony. In the absence of a transcript or statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee. *Wilson v. Hafley,* 189 Tenn. 598, 226 S.W.2d 308 (1949); *In re Rockwell,* 673 S.W.2d 512 (Tenn.App.1983); *Kyritsis v. Vieron,* 53 Tenn.App. 336, 382 S.W.2d 553 (1964). This issue is without merit.

The seventh issue apparently complains about the trial court's finding that there was very little property for division, and in the absence of a transcript or statement of the evidence, we must presume that the evidence supports such a finding. *See Wilson v. Johnson,* 566 S.W.2d 855 (Tenn. 1978). This issue is without merit.

Issues eight, nine, ten, and eleven again deal with findings of the trial court concerning Wife's need for alimony, Husband's employment and property accumulated by the parties. These are factual matters determined by the court from the evidence. The evidence has not been preserved for review by this Court. Accordingly, we must presume that there was sufficient evidence before the chancellor to support his findings and conclusions. *See Wilson v. Johnson,* 566 S.W.2d 855 (Tenn. 1978). These issues are without merit.

The twelfth issue complains that the restraining order should not have been granted. However, the record reflects that Husband was represented by counsel for approximately two years after the divorce was filed, during which time many agreed orders were entered for disposition of the property affected by the restraining order. Furthermore, although Husband was rep-resented by counsel, he never moved for a dissolution of the restraining order at any time. We find this issue without merit.

■ The thirteenth issue apparently complains that the trial judge did not appoint counsel for Husband in the trial court. There is no absolute right to counsel in a civil trial. *See In re Rockwell,* 673 S.W.2d 512 (Tenn.App.1983). This issue is without merit.

■ The fourteenth, fifteenth, sixteenth and seventeenth issues again complain that the trial court erred in granting an absolute divorce to Wife on the grounds of cruel and inhuman treatment. The trial court has discretion to grant an absolute divorce or a divorce from bed and board pursuant to T.C.A. § 36–4–102 (1984). This Court will not interfere with the exercise of this discretion unless it is abused. *See Bennett v. Bennett,* 40 Tenn.App. 416, 292 S.W.2d 202 (1954). Nothing in the record before this Court indicates any abuse of discretion by the trial court. These issues are without merit.

Issues eighteen and nineteen complain that the trial court will not permit Husband's child to communicate with him and that his Constitutional rights have been violated. The final judgment specifically provides: "The defendant is granted such visitation as his daughter personally desires with him." At the time this judgment was entered, the child was approximately sixteen years of age, and there is nothing in the record before this Court to indicate that the trial court in any manner infringed upon the Constitutional rights of either the minor daughter or Husband. These issues are without merit.

The judgment of the trial court is affirmed, and this case is remanded to the trial court for such further proceedings as may be necessary. Costs of the appeal are assessed against the appellant.

GODDARD and FRANKS, JJ., concur.