# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

FILED

January 21, 1998

Cecil Crowson, Jr.

Appellate Court Clerk

TOM GARY EWELL and )
JAMES A. SMITH, )
                     )
        Plaintiffs/Appellants, )      Fayette Equity No. 8701 R.D.
                     )
vs. )
                     )      Appeal No. 02A01-9608-CH-00178
ANNE HILL, )
                     )
        Defendant/Appellee. )

## APPEAL FROM THE CHANCERY COURT OF FAYETTE COUNTY
### AT SOMERVILLE, TENNESSEE

### THE HONORABLE HOMER W. BRADBERRY, SPECIAL JUDGE

For the Plaintiffs/Appellants:           For the Defendant/Appellee:

Terry C. Cox                            Charles M. Cary
Collierville, Tennessee                Bolivar, Tennessee

**AFFIRMED**

HOLLY KIRBY LILLARD, J.

CONCUR:

W. FRANK CRAWFORD, P.J., W.S.

DAVID R. FARMER, J.

## OPINION

This is an action to set aside a tax deed. Plaintiffs/Appellants Tom Gary Ewell ("Ewell") and James A. Smith ("Smith")[1] appeal the trial court's order dismissing the suit. We affirm.

Ewell and Smith owned a certain parcel of real property as tenants in common. The State of Tennessee listed this parcel in a complaint for delinquent taxes filed on March 19, 1990. Notice sent to the owners referred to the property as "Map 180, Parcel 500." Notice of tax sale sent to Ewell was returned unsigned.[2] Notice of sale sent to Smith was signed by Cynthia Gray.

On March 7, 1991, a default judgment was entered against the owners of the property. The order of default judgment noted that the owners were personally served with process and failed to respond within thirty days. Eventually the parcel was purchased by Defendant/Appellee Anne Hill ("Hill") at a tax sale. Ewell and Smith then filed a complaint seeking to set aside the tax deed based on lack of notice.

The case was heard on March 7, 1996. The court reporter was delayed, and the plaintiffs requested that the trial be postponed until the court reporter arrived. This request was denied, and the trial proceeded without a court reporter. On March 20, 1996, the plaintiffs filed a Motion to Reopen to Complete Record of Proof. Alternatively, the motion sought to have the court allow the parties to submit statements of the testimony of witnesses for the court's certification for the record.

In a Final Decree rendered May 21, 1996, the trial court denied the plaintiffs' motion and dismissed their action. Responding to the plaintiffs' allegations that they did not receive proper notice, the trial court held:

> The presumption is that (Cynthia Gray) signed for and on behalf of Smith. In the instant case one of the property owners received notice of sale which is sufficient.

The trial court held further that the plaintiffs had no standing to assert that the description of the property by means of maps on microfilm failed to comply with Tennessee Code Annotated § 67-5-806 (1994).[3] The trial court found that although the Fayette County Register's office did not have

---

[1] Smith was deceased during the pendency of the litigation.

[2] Although the trial court's order states that the notice was returned unsigned, the Appellants' brief states that the "registered mail notice was signed for by one Belinda Hines."

[3] This provision states:

(a) Where any county or municipality other than metropolitan governments has prepared or has had prepared property maps, which identify parcels of land within the area of that local government, which assign a number or other identifying symbol to such parcels and which show names of streets and public ways, and where such

a microfilm viewing machine, the plaintiffs could not assert this defense because the plaintiffs did not seek the opportunity to view the maps. Finally, the trial court refused to rule that taxes on the property paid by Rossville Savings Bank ("Bank"), the mortgage holder, inured to the benefit of the plaintiffs. In fact, the trial court found that taxes were owed in addition to the amount paid by Bank, leaving a balance still owed by the plaintiffs. From this decree, the plaintiffs appeal.

On appeal, the plaintiffs allege that the trial court erred by denying their motion to complete the record. They also appeal the trial court's ruling that notice to Gray was sufficient to establish notice to Smith and, ultimately, to Ewell. In addition, the plaintiffs contend that recordation of the tax map on microfilm was ineffective since the Register's office did not have a microfilm viewing machine. Finally, they assert that the trial court erred by concluding that Bank's payments of taxes on the property did not inure to their benefit, and argue that they should be credited for the amount of taxes paid by Bank.

The plaintiffs' first contention is that the trial court improperly denied their Motion to Reopen to Complete Record of Proof and for Other Relief. The plaintiffs cite Rule 24(e) of the Tennessee Rules of Appellate Procedure, which states:

> If any matter properly includable is omitted from the record, is improperly included, or is misstated therein, the record may be corrected or modified to conform to the truth. Any differences regarding whether the record accurately discloses what occurred in the trial court shall be submitted to and settled by the trial court regardless of whether the record has been transmitted to the appellate court. Absent extraordinary circumstances, the determination of the trial court is conclusive. If necessary, the appellate or trial court may direct that a supplemental record be certified and transmitted.

The plaintiffs argue that it is virtually impossible for this Court to exercise appellate review in the

---

maps have been made a matter of public record and have been filed in the office of the county registrar, the parcel number or other identifying symbol which a specific parcel has been assigned on the official property identification map or maps shall be a sufficient description and identification of such property for purposes of assessment.

(b) The state division of property assessment shall supervise the preparation, maintenance, revision and recording of all such property maps. It shall be the duty of the assessor to annually file a copy or microfilmed reproduction of such property maps, as currently revised, with the county register of deeds except in counties with a metropolitan form of government, who shall, without charge, accept, file, and preserve such copy or reproduction as a public record. Such copy or reproduction shall be filed on or before October 1 of each year, and shall reflect the status of property as of January 1.

Tenn. Code Ann. § 67-5-806.

absence of a factual record of the trial proceedings.

Although appellate review is certainly more difficult in the absence of a complete record of the trial proceedings, the plaintiffs are at fault for the lack of such a record. The appellant is "responsible for furnishing the appellate court with a record that will enable that court to reach the issues raised." *Word v. Word,* 937 S.W.2d 931, 933 (Tenn. App. 1996). Rule 24(c) of the Tennessee Rules of Appellate Procedure expressly provides for the filing of a statement of evidence in the absence of a transcript:

> If no stenographic report, substantially verbatim recital or transcript of the evidence or proceedings is available, the appellant shall prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal. The statement, certified by the appellant or the appellant's counsel as an accurate account of the proceedings, shall be filed with the clerk of the trial court within 90 days after filing the notice of appeal. . . .

Under the Rule, the appellee, then, has the opportunity to file objections to the proposed statement of the evidence, and the trial court resolves any disputes. Tenn. R. App. P. 24(c) and (e). The Rules further state that if the appellant does not file a transcript or statement of the evidence or the proceedings, the "appellant shall, within 15 days after the filing of the notice of appeal, file with the clerk of the trial court and serve upon the appellee a notice that no transcript or statement is to be filed." Tenn. R. App. P. 24(d). This rule permits the appellee to prepare a transcript or statement in the event that the appellant does not submit one. *See Crouch v. Neal,* Sumner Equity No. 86-313-II, 1987 WL 12044, *2 (Tenn. App. June 10, 1987).

In this case, the plaintiffs filed a Motion to Reopen to Complete Record of Proof and for Other Relief. This motion included, alternatively, a request for the parties to submit statements of the testimony of witnesses for the trial court's certification. The plaintiffs, however, filed this motion before the trial court rendered its decision. The purpose of a statement of the evidence is not to reopen the proof or assist the trial court in rendering its decision, but to provide the appellate court with a complete record once the trial court renders its decision and notice of appeal is filed. No statement of the evidence or related motion was filed after the trial court's final decision.

The plaintiffs are responsible for the absence of a record of proof. Rule 24(c) entitles them to prepare a statement of the evidence or proceedings. Tenn. R. App. P. 24(c). No such statement

of the evidence was filed within 90 days after the filing of the notice of appeal. Therefore, this issue is without merit.

The plaintiffs also appeal the trial court's ruling on the merits of the case. A tax sale may not be set aside "except by proof that the land was not liable to sale for taxes or that the taxes for which the land was sold have been paid before the sale." Tenn. Code Ann. § 67-5-2504(b) (1994). The plaintiffs argue that the sale should be invalidated since the taxes were paid and since they did not receive notice of the sale.

Review of the trial court's decision is *de novo* on the record with a presumption of correctness of the trial court's factual findings unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Carvell v. Bottoms,* 900 S.W.2d 23, 26 (Tenn. 1995). Our review is limited to the contents in the record. According to the Rules of the Court of Appeals of Tennessee:

> No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument thereon contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument upon such assertion contains a reference to the page or pages of the record where evidence of such fact is recorded.

Rules of the Ct. of App. of Tenn. 6(b). "In the absence of a transcript or statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee." *Leek v. Powell,* 884 S.W.2d 118, 121 (Tenn. App. 1994); *Lyon v. Lyon,* 765 S.W.2d 759, 763 (Tenn. App. 1988).

According to Tennessee Code Annotated § 67-5-2504(c):

> No suit shall be commenced in any court of the state to invalidate any tax title to land until the party suing shall have paid or tendered to the clerk of the court where the suit is brought the amount of the bid and all taxes subsequently accrued, with interest and charges as herein provided.

This suit was filed on November 29, 1993. The plaintiffs do not dispute the trial court's finding that "the taxes for the year 1993 had been due and payable since October 15, 1993." This amount was not paid by the Bank. Therefore, the plaintiffs have failed to comply with the requirements of Tennessee Code Annotated § 67-5-2504(c).

Compliance with Tennessee Code Annotated § 67-5-2504(c) is a prerequisite for filing a suit to set aside a tax sale. *See Young v. Little's Unknown Heirs,* 34 Tenn. App. 39, 54, 232 S.W.2d 614, 621 (1949); *Lee v. Harrison,* 32 Tenn. 603, 613, 270 S.W.2d 173, 177 (1954); *Burnett v. Williams,* No. 01A01-9605-CH-00222, 1997 WL 13758, *3 (Tenn. App. Jan.16,

4

1997); ***but see Bass v. Wilkins,*** Madison Equity No. 1, 1989 WL 11736 (Tenn. App. Feb.15, 1989)[4]. Because the plaintiffs have failed to meet the procedural requirements, we do not reach the issue of whether proper notice was given or whether plaintiffs should be credited for the amount of taxes paid by Bank.

The decision of the trial court is affirmed. Costs on appeal are taxed against the Appellants, for which execution may issue if necessary.

_____**HOLLY KIRBY LILLARD, J.**

**CONCUR:**

_____
**W. FRANK CRAWFORD, P. J., W.S.**

_____
**DAVID R. FARMER, J.**

---

[4] Westlaw incorrectly cites this as a Court of Criminal Appeals case.