# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

DIANNE FISHER,

        Plaintiff/Appellee,

VS.

ISAAC MANUEL FISHER, JR.

        Defendant/Appellant.

)
)
)
)
)
)
)
)
)
)
)

Shelby Circuit  No. 149948 R.D.

Appeal No. W1998-00864-COA-R3-CV

**FILED**

March 20, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

APPEAL FROM THE CIRCUIT COURT OF SHELBY COUNTY
AT MEMPHIS, TENNESSEE
THE HONORABLE KAY S. ROBILIO, JUDGE

**ISAAC M. FISHER, JR.,** *pro se*
Memphis, Tennessee

**SUSAN MACKENZIE**
Memphis, Tennessee
Attorney for Appellee

**AFFIRMED AND REMANDED**

                                     **ALAN E. HIGHERS, J.**

**CONCUR:**

**W. FRANK CRAWFORD, P.J., W.S.**

**HOLLY KIRBY LILLARD, J.**

Husband (Isaac Manuel Fisher) appeals from the trial court's division of marital assets in this divorce case. The trial court awarded the majority of marital assets to Wife (Sylvia Diane Fisher) and the majority of marital debts to Husband. Husband asserts that the trial court erred in both courtroom procedure and interpretation of relevant law. In addition, Husband alleges that Wife's attorney behaved unethically. For the following reasons, the judgment of the trial court is affirmed.

**Facts and Procedural History**

The parties were married in Mississippi on December 28, 1973. Wife filed for divorce on August 25, 1995, alleging inappropriate marital conduct and irreconcilable differences.[1] Husband answered denying Wife's allegations. In addition, Husband filed a counter-claim for divorce alleging irreconcilable differences and inappropriate marital conduct by Wife. Subsequently, Wife filed a separate action against Husband alleging assault and battery, and both negligent and intentional infliction of emotional abuse.[2] On November 6, 1996, a divorce decree was entered declaring parties divorced and reserving all other matters for trial.[3]

A hearing on the remaining divorce and custody issues was held on December 16 and 17, 1996. At this time, Wife was allowed to testify regarding Husband's activities. According to Wife, throughout the course of marriage and while the divorce was pending, Husband exhibited abusive behavior toward Wife and the parties' children.[4] This behavior included choking Wife as well as threatening to kill her with a pistol, threatening one child with a butcher knife, throwing things, and making harassing phone calls to Wife and her family. In addition, Husband tested HIV positive in June 1985. Husband did not inform

---

[1] Wife's complaint contained a request for award of the parties' residence and custody of the parties' children. In addition, Wife requested that her maiden name be restored. Wife also asserted a claim for damages for alleged torts committed against her by Husband.

[2] On October 16, 1997, the divorce and tort cases were consolidated for purposes of trial at Division V of Shelby County Circuit Court. Thereafter, Husband filed an answer and counter-claim to Wife's tort claims.

[3] Divorce decree was a "dual-fault" divorce pursuant to Tenn. Code Ann. § 36-4-129.

[4] There are three children of the marriage, but only one was still a minor (Jennifer, now age 11) at the time of the divorce.

Wife of his HIV status until July 1995. During the intervening ten year period, Husband continued to have unprotected sex with Wife.

Wife also testified and presented deposition testimony regarding Husband's alleged dissipation of marital assets. Husband habitually visited several casinos and lost substantial amounts of money during the course of the marriage. For example, Husband's visits to Isle of Capri Casino in Biloxi resulted in losses of over ten thousand dollars in 1993, more than eleven thousand dollars in 1994, and over six hundred dollars in 1995. Husband's gambling habit was funded by marital assets and cash advances from various credit cards. Wife was unaware of both Husband's debts and the existence of several of the credit cards.

Following Wife's testimony, the hearing was continued for a later date in order to allow the parties to retrieve and organize financial information regarding the marital assets and debts. Even though the hearing was not concluded on December 17, Husband's attorney was allowed to withdraw in January of 1997. On January 23, 1997, the trial court entered an order detailing its rulings from the partial-hearing in December. This order denied Husband's request for alimony and required Husband to pay child support for the parties' minor child.[5] In addition, the order divided some of the parties' marital and separate personal property. The order held in abeyance the allocation of the parties' real property and remaining marital debts and assets.

The final day of the hearing was May 4, 1998.[6] At this time, the court dismissed Wife's tort claims and dealt only with division of property. At this proceeding, Husband represented himself and Wife continued to be represented by counsel. During trial, Husband admitted to liquefying marital assets while the divorce was ongoing. Specifically,

---

[5]Subsequently, Husband filed a Motion to Terminate Parental Rights as to the minor child. According to Husband, he wanted to "eliminate the embarrassment of saying I have another daughter." This motion was denied by the court below.

[6]Neither party attempts to explain the more than year-long delay between the second and third days of the hearing. From our reading of the record, it seems that the extended delay was due to the parties' failure to make financial information and records available to each other. Husband bases one of his points on appeal on this delay.

3

Husband sold a sixty thousand dollar life insurance policy and arranged to receive the money after the trial was over. Husband offered no other evidence regarding his financial situation other than to say he had enough money to meet his needs. Husband failed to offer any evidence refuting Wife's claims regarding his gambling debts and credit card use.

On May 18, 1998, the trial court entered an order addressing division of marital assets.[7] This order adopted the division proposed by Wife's attorney, awarding the majority of marital assets, including all real property to Wife. Wife was ordered to be responsible for around forty-five thousand dollars of the marital debt, with Husband responsible for around seventy thousand dollars of the marital debt. In addition, Husband was charged with discretionary costs of thirty-two hundred dollars for various expenses associated with the trial. Husband filed a timely notice of appeal.

On appeal, Husband raises several issues regarding the actions of the trial court. Husband asserts that the trial court erred in: (1) issuing an order stating that proceedings would conclude on the next setting, (2) by allowing Wife's attorney to use data that "required discovery or confirmation" to prove Husband's dissipation of assets, (3) not "controlling" the court, (4) incorrectly interpreting the law as it relates to gaming losses, (5) proceeding with the trial in the absence of Wife, (6) signing orders without approval of Husband or Husband's former attorney, and (7) in the manner of addressing Husband as a *pro se* party. In sum, Husband alleges that the trial court judge committed gross errors both in courtroom procedure and in interpretation of relevant law. In addition, Husband accuses Wife's attorney of unethical behavior.[8]

Wife challenges Husband's issues on appeal and raises several other issues. Wife asserts that the trial court erred in dismissing her tort claims and denying Wife's request for attorney's fees. Wife also assets that Husband's appeal is frivolous and that she

---

[7]An amended order including the legal description of the real property at issue was subsequently entered.

[8] While Husband's brief contains numerous disparaging remarks about the trial court judge and opposing counsel, it contains few factual references to what specific conduct Husband finds objectionable.

should therefore be awarded the attorney's fees and costs incurred on appeal.

**Analysis**

Before examining each issue raised by the parties, we find it necessary to address two preliminary matters. First, this Court has chosen not to address the validity and dismissal of Wife's tort claims. During the hearing on May 4, 1998, Husband made an oral motion to dismiss Wife's tort claim. While this motion was apparently granted from the bench, there has been no order memorializing this action. There is no mention of the motion or dismissal in the technical record. Therefore, pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure, there is not a final appealable order regarding Wife's tort claim.[9] For this reason, we find that Wife's appeal on this issue is not properly before the court.

As a secondary concern, we find it necessary to address Husband's position as a *pro se* litigant. Husband represented himself both during the continuation of the hearing and on appeal. While litigants who proceed *pro se* are entitled to fair and equal treatment, "they must follow the same procedural and substantive law as the represented party." Irvin v. City of Clarksville, 767 S.W.2d 649, 652 (Tenn. Ct. App.1988). Indeed, a *pro se* litigant requires even greater attention than one represented by counsel. The trial judge must accommodate the *pro se* litigant's lack of legal knowledge without giving the *pro se* litigant an unfair advantage because the litigant represents himself. Id. From our reading of the record, the trial court made every available concession required to accommodate Husband's *pro se* status. With this in mind, we now turn to the remaining issues raised on appeal.

Pursuant to Rule 13 of the Tennessee Rules of Appellate procedure, the standard

---

[9]Rule 3 of the Tennessee Rules of Appellate Procedure provides in pertinent part:

(a) Availability of Appeal as of Right in Civil Actions. In civil actions every *final judgment* entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, *any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.* (emphasis added)

of review is *de novo* upon the record, with a presumption of the correctness of the finding of the trial judge.[10] In a non-jury case such as this one, we may reverse the trial court only of the evidence preponderates against the finding of the trial judge. See Rule 13(d) TENN. R. APP. P.

## A. Continuation of the Hearing

Husband asserts that the trial court acted improperly in ordering that the hearing would continue at a later date. Husband argues that the trial court should have made an allocation of the marital assets and debts instead of continuing the hearing. While the Court recognizes that the delay between the beginning and end of the hearing was quite long, we are unable to find fault with the trial court's actions. From our reading of the record, it seems that the delay was due to the lack of preparation by the parties. It is apparent that at the commencement of the hearing, neither party had bothered to obtain appraisals for the real property at issue. The resulting continuance was unavoidable. The trial court did not err on this issue.

## B. Use of discovery information

Husband claims that the court erred in allowing Wife's attorney to admit several exhibits regarding the parties' financial status and Husband's health.[11] We disagree. The foundation for several of the exhibits was established when Husband and his then-counsel failed to respond to a Request for Admissions submitted by Wife. Pursuant to Rule 36.01 of the Tennessee Rules of Civil Procedure, the failure to respond to such a request means that the matters are admitted for trial purposes.[12] Therefore, from our reading of the record,

---

[10]The record on appeal is incomplete. A transcript for the first and final days of the proceeding has been provided. There is apparently no available transcript for the second day of the trial. Where there is no transcript or statement of evidence, there is a presumption that the proceedings were proper and that the evidence supported the judgement. Hollingsworth v. Safeco Ins. Co., 782 S.W.2d 477, 479 (Tenn. Ct. App. 1988). The appellate court must assume that the record would support the trial court's findings. Sherrod v. Wix, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992). Therefore, we must presume that the proceedings on day two of the hearing fully supported the judgment of the trial court. Our *de novo* review is limited to the first and last days of the hearing.

[11]Husband also claims that his failure to present conflicting evidence was because the information was stored at Wife's residence. However, Husband chose not to present additional evidence when given the opportunity by the court.

[12]Rule 36.01 of the TENN. R. CIV. P. provides in pertinent part:
A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26.02 set forth in the request that

6

we find no error in the admission of these exhibits.

### C. Control of the Courtroom

Husband claims that the trial court erred by failing to maintain control of the courtroom. We can find no support for this contention in the record. Indeed, Husband's argument seems to be a personal attack on the judge rather than on her actions. In addition, Husband fails to show how any alleged lack of control resulted in harm to his case. Therefore, we find that this issue is clearly without merit.

### D. Interpretation of Gaming Laws

Husband challenges the trial court's ability to interpret the law as it pertains to gambling losses. However, at trial and on appeal, Husband again failed to present any evidence or legal argument to support this contention. Accordingly, this issue is without merit.

### E. Absence of Wife

Husband claims that the trial court erred in proceeding with the hearing in the absence of Wife. Husband does not assert that he had further questions for Wife, and Husband did not call Wife as a witness. Therefore, the Court fails to see how the absence of Wife prejudiced Husband's case in any way. Accordingly, the trial court did not err by proceeding with the hearing.

### F. Entrance of Court Orders

Husband asserts that the trial court erred in entering orders without the approval of

---

relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. Copies of documents shall be served with the request unless they have been or are otherwise furnished or made available for inspection and copying. The request may, without leave of court, be served upon the plaintiff after commencement of the action and upon any other party with or after service of the summons and complaint upon that party.

Each matter of which an admission is requested shall be separately set forth. *The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter,* signed by the party or by the party's attorney, but, unless the court shortens the time, a defendant shall not be required to serve answers or objections before the expiration of 45 days after service of the summons and complaint upon the defendant. (emphasis added).

Husband or Husband's counsel. The court does not require the consent of the parties to enter a regular order. In addition, the court below stated that the orders correctly memorialized the court's ruling. This issue is without merit.

## G. Attorney's Fees

Wife asserts that the trial court erred in refusing her request for attorney's fees. Wife claims that she in entitled to attorney's fees because of Husband's deliberate attempts to create unnecessary litigation expenses. However, the decision to award attorney's fees to a party in a divorce proceeding is within the trial court's sound discretion and will not be disturbed on appeal unless the evidence preponderates against such a decision. See Storey v. Storey, 835 S.W.2d 593, at 597 (Tenn. Ct. App. 1992) citing Batson v. Batson, 769 S.W.2d 849, 862 (Tenn. Ct. App.1988) and Lyon v. Lyon, 765 S.W.2d 759, 762-63 (Tenn. Ct. App.1988). Admittedly, there is some evidence that Husband caused Wife to incur additional expenses. The evidence does not, however, preponderate against the trial court's decision. Therefore, the trial court did not err in denying Wife attorney's fees.

## H. Frivolous Appeal

Wife asserts that Husband's appeal is frivolous and that as such, she is entitled to her attorney's fees and costs incurred on appeal. An appeal that has no basis in law or fact is considered frivolous. Industrial Dev. Bd. of City of Tullahoma v. Hancock, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995). Accordingly, the non-appealing party "should not have to bear the expense and vexation" of a frivolous appeal. Davis v. Gulf Ins. Group, 546 S.W.2d 583, 586 (Tenn. 1977); see also Tenn. Code Ann. §27-1-122.[13] Under this standard, we find that Husband's appeal is frivolous. Therefore, Wife's request for attorney's fees and cost incurred on appeal is granted.

---

[13]Tenn. Code Ann. §27-1-122 provides: When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

**Conclusion**

Based on the foregoing, the decision of the trial court is affirmed. Costs of this appeal are taxed to Husband, Isaac Manuel Fisher, Jr., for which execution may issue if necessary. This case is remanded to the trial court for a determination of Wife's expenses, including attorney's fees, incurred as a result of this appeal.

_____
HIGHERS, J.

CONCUR:

_____
CRAWFORD, P.J., W. S.

_____
LILLARD, J.