IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 17, 2017 Session

## DANIEL C. WOODARD v. JOAN N. WOODARD

**Appeal from the Probate Court for Cumberland County**
**No. 2013-PF-3444    Larry Michael Warner, Judge**

---

**No. E2017-00200-COA-R3-CV**

---

This post-divorce appeal concerns the husband's motion to reduce spousal support and the wife's request to set permanent child support for their disabled daughter. The court reduced the spousal support obligation based upon a material change in circumstances but found that it was without jurisdiction to enter an order of permanent child support. The wife appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J. and THOMAS R. FRIERSON, II, J., joined.

Margaret Held, Knoxville, Tennessee, for the appellant, Joan N. Woodard.

Kevin R. Bryant, Crossville, Tennessee, for the appellee, Daniel C. Woodard.

## OPINION

### I.    BACKGROUND

Joan N. Woodard ("Wife") filed a complaint for divorce from Dr. Daniel C. Woodard ("Husband") in July 2013. Wife alleged irreconcilable differences and requested spousal support and permanent child support for their adult daughter, Bailey, who is disabled and in need of full-time care. Husband is a veterinarian and owns his own practice, while Wife is unable to retain employment outside of the home due to Bailey's need for extensive full-time care. The Parties reached an agreement on the majority of the issues pertaining to their divorce, with the exception of a formal arrangement concerning Bailey's need for full-time care.

Prior to the hearing, the Parties advised the court that they agreed to mediate issues pertaining to Bailey's care. Thereafter, the Parties were divorced by order, entered on May 12, 2014, in which the court resolved issues pertaining to the identification and division of marital property and set alimony at a rate of one-half of Husband's income earned in 2013. Permanent child support was neither sought nor awarded at that time.

A flurry of litigation ensued, after which Husband filed a motion to reduce his spousal support obligation on May 19, 2015. Wife responded with a request for permanent child support. At the hearing, Wife testified concerning the extensive expenses incurred in caring for Bailey, while Husband claimed that his financial situation had worsened since the time of the divorce. No transcript or statement of the evidence was filed from which we can recount the testimony as presented before the court.

Following the hearing, the court found that it lacked subject matter jurisdiction to set permanent child support because no child support order had been entered at the time of the original divorce decree. The court also noted that Bailey was beyond the age of minority at the time of the divorce. The court reduced Husband's spousal support obligation to $3,000 per month, finding as follows:

> The Court finds that [Husband's] Motion for Reduction of Alimony is well taken. The Court finds specifically that the need of the spouse has lessened since the original entry of the divorce decree. All transfers of assets have been accomplished, [Wife] has possession of the parties' former marital residence and based on testimony is valued at [$385,000], with no mortgage. Additionally, [Wife] has investment securities and other stocks with a total amount approaching [$1 million] that were transferred and completed in December 2015. The Court finds that [Husband's] financial situation has worsened and deteriorated such as his income is less in his veterinary practice and the Court further finds that it would be appropriate to reduce his alimony amount to [$3,000] per month.

The court further ordered the release of funds from Husband's sale of his veterinary practice and ordered an equal division of said funds. This timely appeal followed.

## II.    ISSUES

We consolidate and restate the issues on appeal as follows:

A.    Whether the court was without jurisdiction to consider the request for permanent child support.

B.     Whether the court erred in reducing Husband's spousal support obligation.

## III.     STANDARD OF REVIEW

On appeal, the factual findings of the trial court are accorded a presumption of correctness and will not be overturned unless the evidence preponderates against them. *See* Tenn. R. App. P. 13(d). The trial court's conclusions of law are subject to a de novo review with no presumption of correctness. *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

"[M]odification of a spousal support award is 'factually driven and calls for a careful balancing of numerous factors.'" *Wiser v. Wiser*, 339 S.W.3d 1, 11 (Tenn. Ct. App. 2010) (quoting *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001)). "Generally, the trial court's decision on whether to modify spousal support is not altered on appeal unless the trial court abused its discretion." *Id.* (citing *Goodman v. Goodman*, 8 S.W.3d 289, 293 (Tenn. Ct. App. 1999)). "A trial court abuses its discretion only when it 'applie[s] an incorrect legal standard or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining.'" *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (quoting *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999)). If a discretionary decision is within a range of acceptable alternatives, we will not substitute our judgment for that of the trial court simply because we may have chosen a different alternative. *White v. Vanderbilt Univ.*, 21 S.W.3d 215, 223 (Tenn. Ct. App. 1999). "Consequently, when reviewing . . . an alimony determination, the appellate court should presume that the decision is correct and should review the evidence in the light most favorable to the decision." *Gonsewski v. Gonsewski*, 350 S.W.3d 99, 105-06 (Tenn. 2011) (citations omitted).

## IV.     DISCUSSION

### A.

The trial court found that it lacked subject matter jurisdiction to enter an order of permanent child support based upon this court's decision in *Catalano v. Woodcock*, No. E2015-01877-COA-R9-CV, 2016 WL 3677342 (Tenn. Ct. App. Jul. 5, 2016) and a plain reading of Tennessee Code Annotated section 36-5-101(k)(1), which provides as follows:

(k)(1) Except as provided in subdivision (k)(2), the court may *continue* child support beyond a child's minority for the benefit of a child who is handicapped or disabled . . . until such child reaches [21] years of age.

(2) Provided, that such age limitation shall not apply if such child is severely disabled and living under the care and supervision of a parent, and the court determines that it is in the child's best interest to remain under such care and supervision and that the obligor is financially able to *continue* to pay child support. In such cases, the court may require the obligor to *continue* to pay child support for such period as it deems in the best interest of the child; provided, however, that, if the severely disabled child living with a parent was disabled prior to this child attaining eighteen (18) years of age *and if the child remains severely disabled at the time of entry of a final decree of divorce or legal separation,* then the court may order child support regardless of the age of the child at the time of entry of the decree.

(Emphasis added.). Section 36-5-101(k)(1) was amended in 2008 to include the language in subsection two that allows the court to set support for a severely disabled person who reached the age of majority prior to the divorce. Prior to 2008, the trial court was held to have authority to continue child support for a severely disabled child "only where an order awarding support was entered when the child was a minor, or as a modification of any other valid child support order." *In re Conservatorship of Jones*, No. M2004-00173-COA-R3-CV, 2004 WL 2973752, at *13 (Tenn. Ct. App. Dec. 22, 2004).

Wife claims that the amendment to subsection two provides the court with the authority to set support at any time, regardless of whether a support order had been entered at the time of the divorce. We disagree. Our plain reading of the statute leads us to conclude that the legislature merely provided the court with the additional authority to order support *at the time of the divorce* for a child who became severely disabled prior to the age of majority even though he or she may have reached the age of majority by the time of the divorce. However, the statute does not specifically provide the trial court with the additional authority to set support for such an individual when the original divorce judgment contains no valid support order. The statute only provides the court with the authority (1) to "order" support at the time of the divorce for a severely disabled person who has already reached the age of majority or (2) to "continue" a valid support order for a severely disabled person beyond the age of majority. We affirm the court's finding on this issue because no valid child support order was entered at the time of the filing of the divorce decree in this case.

B.

"Alimony" is defined, in pertinent part, by Black's Law Dictionary, 9th edition, as

[a] court-ordered allowance that one spouse pays to the other spouse for maintenance and support . . . after they are divorced. Alimony is distinct from a property settlement.

Tennessee recognizes four different types of alimony: rehabilitative alimony, transitional alimony, alimony in futuro, and alimony in solido.

The type of alimony that is at issue in this case, alimony in futuro, is a long term form of spousal support that is typically awarded

> when the court finds that there is relative economic disadvantage and that rehabilitation is not feasible, meaning that the disadvantaged spouse is unable to achieve, with reasonable effort, an earning capacity that will permit the spouse's standard of living after the divorce to be reasonably comparable to the standard of living enjoyed during the marriage, or to the post-divorce standard of living expected to be available to the other spouse, considering the relevant statutory factors and the equities between the parties.

Tenn. Code Ann. § 36-5-121(f)(1). This type of alimony is awarded on a "long term basis or until death or remarriage of the recipient" spouse. Tenn. Code Ann. § 36-5-121(f)(1). Awards of alimony in futuro "remain in the court's control for the duration of such award, and may be increased, decreased, terminated, extended, or otherwise modified, upon a showing of substantial and material change in circumstances." Tenn. Code Ann. § 36-5-121(f)(2)(A); *see also Bowman v. Bowman*, 836 S.W.2d 563, 568 (Tenn. Ct. App. 1991).

"It is not sufficient to simply show a change of circumstances." *Bowman*, 836 S.W.2d at 568. Instead, "[t]he change must be substantial and material." *Id.* "[A] change in circumstances is considered to be 'substantial' when it significantly affects either the obligor's ability to pay or the obligee's need for support." *Bogan*, 60 S.W.3d at 728 (citing *Bowman*, 836 S.W.2d at 568). A change is not material if the change was "contemplated by the parties at the time of the divorce." *Wright v. Quillen*, 83 S.W.3d 768, 772 (Tenn. Ct. App. 2002). "A substantial and material change in circumstances does not automatically entitle the petitioner to a modification." *Id.* at 773. "[T]he petitioning party must [also] demonstrate that a modification . . . is justified." *Id.*

Here, the court found a substantial and material change in circumstances as evidenced by Wife's lessened need and Husband's lessened ability to pay. First, Wife claims that the court erred in reducing the support obligation before setting permanent

child support. Having affirmed the court's finding that it was without jurisdiction to set permanent child support, this argument is pretermitted.

Next, Wife asserts that the record does not support the court's modification of spousal support. She asserts that her receipt of property was contemplated at the time of the divorce and that Husband's purported reduction in income is not a material change because he has variable income that should be averaged. She claims that the record contains no evidence of his income from his practice and that his current tax returns actually reflect an increased income since 2013. She further claims that she has an increased need for support based upon the rising cost of Bailey's care. Husband responds that the modification was warranted under the circumstances of the case, namely his decreased income and her lessened need.

While we agree that Wife's receipt of marital property was contemplated at the time of the divorce, the record before us does not establish a basis to reverse the court when Husband also claimed, and the trial court relied upon, a reduction in income. Wife did not include the tax returns she claims proves otherwise in the record on appeal. Where there is no transcript of evidence in the record and there is no error apparent on the face of the record, the appellate courts will conclusively presume the findings and judgment of the trial court to be correct. *Wilson v. Hafley*, 226 S.W.2d 308, 311 (Tenn. 1949); *Lyon v. Lyon*, 765 S.W.2d 759, 762-63 (Tenn. Ct. App. 1988). Moreover, the reduction of a spousal support obligation is a factually driven question that we will not reverse absent an abuse of discretion. We find no abuse of discretion based upon the record before this court.

## V.    CONCLUSION

This judgment of the trial court is affirmed, and the case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellant, Joan N. Woodard.

_____
JOHN W. McCLARTY, JUDGE