**Pamela J. WRIGHT**

v.

**Dale M. QUILLEN.**

Court of Appeals of Tennessee, at Nashville.

Jan. 4, 2002.

Application for Permission to Appeal Denied by Supreme Court May 20, 2002.

Helen Sfikas Rogers, Nashville, Tennessee, for the appellant, Pamela J. Wright.

Irene R. Haude, Nashville, Tennessee, for the appellee, Dale M. Quillen.

## OPINION

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

This appeal concerns the modification of a 1994 award of in futuro alimony, where the alimony recipient has improved his financial condition and resides with a third party. We affirm in part, reverse in part, and suspend alimony pursuant to the provisions of Tenn.Code Ann. § 36–5–101(a)(3).

This appeals follows protracted litigation over the terms of the original divorce decree and the modification action giving rise to this appeal. We confine ourselves here to a review of whether the trial court erred in dismissing Mr. Quillen's petition to increase alimony in futuro and Ms. Wright's petition for a reduction or termination of alimony.

After nine and one-half years of marriage, the parties were divorced in February, 1994, following a jury trial. The divorce decree ordered Ms. Wright to pay $3,000 per month in alimony in futuro to Mr. Quillen, who was 68 years of age at the time.

In 2000, Mr. Quillen filed a petition for a change of custody of the couple's minor child. Ms. Wright filed an answer and counter-petition for a reduction in alimony and increase in child support. Mr. Quillen answered and amended his petition to included a petition for an increase in alimony. The parties reached agreement on the issues of child custody and support. The issues concerning alimony were heard by a jury, which made findings in response to numerous questions submitted by the parties. The trial court found no unanticipated substantial and material changes in circumstances warranting a modification of alimony, and accordingly dismissed the petitions of both parties.

Ms. Wright now appeals the trial court's refusal to reduce or terminate alimony payments to Mr. Quillen. Ms. Wright contends that alimony should be reduced or terminated based on two unanticipated substantial and material changes in circumstance: (1) Mr. Quillen's lack of need based on the standard of life which he enjoys, and on the fact that he has never used alimony for support, but only to increase his net wealth and (2) Mr. Quillen's cohabitation with Ms. Dinah Evans since May of 1999, who the jury found is supported by Mr. Quillen. Mr. Quillen contends that the sole error of the trial court was in refusing his demand for an increase in alimony.

### Issues

The issues upon appeal, as we perceive them are:

(1) Whether a reduction or termination of in futuro alimony is warranted in light of the facts as found by the jury regarding:

(a) favorable changes in Mr. Quillen's financial condition and

(b) his cohabitation with a third party.

(2) Whether the court erred in dismissing Mr. Quillen's petition for an increase in alimony.

(3) Whether this appeal is precluded by Ms. Wright's failure to move for a new trial as stipulated by rule 3(e) of the Tennessee Rules of Appellate Procedure.

## Standard of Review

 Our review of the trial court's findings of fact is accompanied by a presumption of correctness. Findings of fact by a jury will not be set aside unless there is no material evidence to support the verdict. Tenn. R.App. P. 13(d). Modification of an alimony award is a factually driven determination. *Brown v. Brown*, 913 S.W.2d 163, 169 (Tenn.Ct.App.1994). It requires a balancing of many factors. *Id.* The trial court is therefore given wide discretionary latitude. *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn.2001). However, a trial court's conclusions of law in a jury trial are subject to a de novo review with no presumption of correctness. Tenn. R.App. P 13(d); *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26, 28 (Tenn.1996). We will therefore affirm the trial court absent an error of law affecting the decision, *Campanali v. Campanali*, 695 S.W.2d 193, 194 (Tenn.Ct.App.1985), or unless the trial court's decision is contrary to the public policies reflected in the statutes, *Bogan*, 60 S.W.3d at 727, or unless the evidence preponderates against the court's findings of fact. Tenn. R.App. P. 13(d).

## Failure to Move for a New Trial

 As an initial matter, we dispense with the issue of whether the failure of Ms. Wright to move for a new trial pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure precludes this appeal. We hold that it does not. Ms. Wright is not presenting for our review any issue predicated upon trial errors. Indeed, as counsel argued at oral argument, the findings of the jury in this case were favorable to Ms.

Wright, and her appeal concerns only of the application of the law to those findings. After reviewing the record, we believe that a new trial would have served no purpose but to extend already complex and time consuming litigation. Thus to the extent that a motion for a new trial would have been required by the rule, we suspend the requirement pursuant to the provisions of Rule 3 itself, and Rule 2 governing suspension of the rules.[1]

## Modification Based on Material and Substantial Change

 Need is the single most important factor in the initial determination of whether alimony should be awarded, followed by the obligor's ability to pay. *Lancaster v. Lancaster*, 671 S.W.2d 501, 503 (Tenn.Ct.App.1984). Once alimony has been awarded, the court may order an increase or decrease of the award only upon a showing of a substantial and material changes in circumstances. Tenn.Code Ann. 36–5–101(a)(1); *Cranford v. Cranford*, 772 S.W.2d 48, 50 (Tenn.Ct.App.1989) *overruled on other grounds by Bogan v. Bogan*, 60 S.W.3d 721 (Tenn.2001). The party seeking the modification has the burden of proving the substantial and material changes which justify it. *Elliot v. Elliot*, 825 S.W.2d 87, 90 (Tenn.Ct.App.1991). The changes in circumstances must have occurred after the original award. *Brewer v. Brewer*, 869 S.W.2d 928, 935 (Tenn.Ct. App.1993). Such changes are not material if they were contemplated by the parties at the time of the divorce. *Seal v. Seal*, 802 S.W.2d 617, 620 (Tenn.Ct.App.1990). A

---

1. Tenn. R.App. P. Rule 3(e) provides, in pertinent part, "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal but is ground only for such action as the appellate court deems appropriate...." Rule 2 of the Tennessee Rules of Appellate Procedure provides: "For good cause, including the interest of expediting a decision upon any matter ... the Court of Appeals ... may suspend the requirements or provisions of any of these rules in a particular case...."

change is considered substantial if it has a significant impact on either the recipient's need or the obligor's ability to pay. *Bogan,* 60 S.W.3d at 728. A substantial and material change in circumstances does not automatically entitle the petitioner to a modification. *Id.* at 729. Once such changes are proved, the petitioning party must then demonstrate that a modification of the award is justified. *Id.* The court should, where relevant, use the criteria provided by Tenn.Code Ann. 36–5–101(d), the criteria on which an initial award is based, to determine whether a modification is warranted. *Id.; Cranford,* 772 S.W.2d at 50, *overruled on other grounds by Bogan,* 60 S.W.3d 721. However, the Tennessee Supreme Court has recently held that need is not the single most important factor in the determination of whether a modification is warranted. *Bogan,* 60 S.W.3d at 730. The ability of the obligor to pay must be given equal consideration in the modification context.[2] *Id.* Ordinarily, an increase in income does not constitute a change which, without more, justifies a modification of alimony. *Butler v. Butler,* No. 02A01–9702–CH–00038, 1997 WL 576533, at *5 (Tenn.Ct.App. Sept. 18, 1997) (*no perm. app. filed*).

### Mr. Quillen's Petition to Increase Alimony

We note as an initial matter that the parties may not here re-litigate matters pertaining to the propriety of the original award of alimony in futuro. Our review concerns only whether unanticipated material and substantial changes have occurred since the divorce, and whether those changes, if any, warrant a modification based on need, ability to pay, and re-application of the statutory criteria found in Tenn.Code Ann. § 36–5–101(d).

Mr. Quillen argues that substantial and material changes in circumstances warrant an increase in his alimony award. Mr. Quillen contends that the increase in Ms. Wright's net worth, the increased time the couple's minor child resides with him, and the fact that he would experience a change in life-style should he retire constitute circumstances warranting an increase in alimony. We disagree.

That Ms. Wright's net worth has increased since the divorce is not disputed. However, the increase in an alimony obligor's income or worth is not, in and of itself, sufficient to warrant an increase in alimony to the recipient. *Ford v. Ford,* No. 02A01–9507–CH–00153, 1996 WL 560258, at *4 (Tenn.Ct.App. Oct. 3, 1996) (*no perm. app. filed*). An award of alimony in futuro is not a guarantee that the recipient spouse will forever be able to enjoy a lifestyle equal to that of the obligor spouse. *Lawson v. Lawson,* No. CA874, 1989 WL 105652, at *5 (Tenn.Ct.App. Sept. 13, 1989) (*no perm. app. filed*). As the trial court noted, Mr. Quillen's advancing age and increased health problems are not changes unanticipated by the parties at the time of the divorce, when Mr. Quillen was 68 years of age. The same holds true for the fact that Mr. Quillen may someday choose to retire. Additionally, even where material and substantial changes exist, it is within the discretion of the trial court to determine whether a modification is warranted. Here, the jury specifically found that Mr. Quillen does not need alimony from Ms. Wright to support a reasonable standard of living. The jury further found that Mr. Quillen enjoys a standard of living comparable to the one he enjoyed while

2. The Court held: "Accordingly, to the extent that any case would compel giving more weight to the need of the receiving spouse than all other factors in order to *modify* a support obligation, it is overruled." *Bogan v. Bogan,* 60 S.W.3d 721, 730 (Tenn.2001).

married to Ms. Wright, that his standard of living has not declined since the divorce, that his expenses have not increased since the divorce, and that his net worth has increased since the divorce. Based on these findings, the evidence does not preponderate against the trial court's conclusion that Mr. Quillen does not need increased alimony.

The fact that Mr. Quillen's minor child is now spending considerably more time with Mr. Quillen than he previously was is not a circumstance warranting an increase in alimony. This is a question of child support, not alimony. The parties have stipulated that matters pertaining to their minor son were settled before trial. Child support is not an issue for review here. In light of the foregoing, we find no abuse of discretion and affirm the trial court's dismissal of Mr. Quillen's petition to increase alimony.

### Ms. Wright's Petition for a Reduction or Termination of Alimony

· Ms. Wright argues that a reduction in alimony is warranted by the unanticipated and substantial improvement in Mr. Quillen's financial condition since the divorce. She submits that as a result of this improved financial condition, Mr. Quillen does not need alimony in order to enjoy a life-style similar to that enjoyed by the couple when they were married. Ms. Wright admits that she has the ability to continue paying alimony, and that her net worth has increased significantly since the divorce. However, she argues that at the time of the divorce, it was not anticipated that Mr. Quillen's financial situation would improve significantly. She further contends that the alimony has never been needed for support, but has been used to increase Mr. Quillen's net wealth.

Mr. Quillen is a practicing licensed attorney. Since the time of the divorce, Mr. Quillen's income has steadily increased. In 1999, Mr. Quillen had a total income of over $260,000, an increase in annual income of nearly 50% since the divorce became final. He has liquid assets of approximately $900,000, in addition to ownership of several pieces of real estate. Since the divorce, he has received over $230,000 in alimony, which he has saved and not used. Additionally, Mr. Quillen receives approximately $21,000 per year in social security benefits for himself and his son. These facts are not disputed by Mr. Quillen, who testified at trial that he had a net worth of $1.5 million, that he has not used the alimony monies, and that he continues to practice law but would like to scale back his practice.

 Mr. Quillen's receipt of social security cannot be said to have been an unanticipated event. Moreover, the fact that he has chosen to save, rather than to spend, his alimony receipts does not in itself constitute an unforeseen event warranting a modification in alimony. *See Williams v. Williams*, No. M1999–00221–COA–R3–CV, 2000 WL 852121 (Tenn.Ct.App. June 27, 2000), *perm. app. denied* (Tenn. Dec. 18, 2000). Nor is the increase in Mr. Quillen's income, in and of itself, sufficient to justify an alimony modification. *McCarty v. McCarty*, 863 S.W.2d 716, 720 (Tenn.Ct.App.1992). Modification based on this increase is proper only where the initial alimony award was based on a presumption that the recipient would not continue to increase his/her income through the pursuit of his/her career. *Id.* Whether such an increase in income constitutes a substantial and material change is a question of whether it was "sufficiently foreseeable." *Id.*

Ms. Wright argues that a 50% increase in Mr. Quillen's income, when he was 68 years of age at the time of the divorce, was

not within the contemplation of the parties at the time of the divorce. The trial court found, however, that this increase in Mr. Quillen's income was foreseeable. Specifically, the court found that prior to the divorce, Mr. Quillen had been devoting substantial periods of time to work with Wright Travel, time which after the divorce he would logically devote to his law practice. That it was not unanticipated that Mr. Quillen would continue to pursue his profession is not disputed by Ms. Wright, who in fact testified that Mr. Quillen told her that he would never retire.

The evidence does not preponderate against these findings. Accordingly, we agree with the trial court's determination that there has been no substantial material change in circumstances warranting modification of the alimony award based on Mr. Quillen's improved financial condition. However, the jury also found that Mr. Quillen resides with a third party, Ms. Dinah Evans, which requires us to consider the impact of Tenn.Code Ann. § 36–5–101(a)(3) on these circumstances. It is in the application of this statute to the facts that the trial court erred.

### Application of Tennessee Code Annotated § 36–5–101(a)(3) to the Facts

 In Tennessee, a rebuttable presumption arises that a recipient of alimony in futuro no longer needs alimony when he resides with a third party. Tenn.Code. Ann. § 36–5–101(a)(3). The Tennessee Code provides:

In all cases where a person is receiving alimony in futuro and the alimony recipient lives with a third person, a rebuttable presumption is thereby raised that:

(A) The third person is contributing to the support of the alimony recipient and the alimony recipient therefore does not need the amount of support

previously awarded, and the court therefore should suspend all or part of the alimony obligation of the former spouse; or

(B) The third person is receiving support from the alimony recipient and the alimony recipient therefore does not need the amount of alimony previously awarded and the court therefore should suspend all or part of the. alimony obligation of the former spouse.

Tenn.Code Ann. § 36–5–101(a)(3)(2001).

 The legislative intent of this provision was to provide an alternative method of proof when the changed circumstance is the cohabitation of the alimony recipient with a third person. *Azbill v. Azbill*, 661 S.W.2d 682, 686 (Tenn.Ct.App. 1983). Such cohabitation does not *automatically* end the right of the recipient to receive periodic or in futuro alimony. *Isbell v. Isbell*, 816 S.W.2d 735, 738 (Tenn.1991)(emphasis added). However, it raises a presumption that the alimony as previously ordered is no longer needed, and shifts the burden of proof to the recipient to show a continued need. *Azbill*, 661 S.W.2d at 686.

The trial court found that Mr. Quillen's cohabitation with Ms. Evans did not constitute a substantial and material change in circumstances which was unanticipated by the parties at the time of the divorce. However, whether some future cohabitation could have been anticipated by the parties in light of the fact that this was Mr. Quillen's fourth marriage is not determinative. Rather, once cohabitation was proved, the burden shifted to Mr. Quillen to rebut the presumption that he was neither being supported by nor supporting Ms. Evans, and to demonstrate that he still needs alimony. *Id.* at 686.

The jury found that Mr. Quillen lives with Ms. Evans. It also found that Mr. Quillen was not being supported by Ms. Evans. The court additionally stated that the jury found that Mr. Quillen does not provide support to Ms. Evans. This finding is not supported by the evidence. The record shows that the jury specifically found that Mr. Quillen provides support to Ms. Evans. The jury also found that Mr. Quillen enjoys a standard of living comparable to the one he enjoyed while married to Ms. Wright, and that he does not need alimony to maintain his life style. In light of these findings, Mr. Quillen failed to carry his burden of proving that he continues to need alimony in futuro.[3]

We accordingly reverse the trial court's dismissal of Ms. Wright's petition to modify alimony. Ms. Wright's obligation to pay alimony to Mr. Quillen is suspended, retroactive to June 16, 2000, the date she petitioned the trial court for reduction. We accordingly order that all alimony payments made since June 16, 2000, be refunded by Mr. Quillen to Ms. Wright within 30 days of entry of this opinion.

### Conclusion

Insofar as the trial court found no substantial and material change of circumstance warranting an increase of alimony awarded to Mr. Quillen, we affirm. With respect to Ms. Wright's petition for a reduction or termination of alimony, the trial court incorrectly applied the provisions set forth in Tenn.Code Ann. § 36–5–101(a)(3) to the facts as found by the jury in this case. We therefore reverse the dismissal of Ms. Wright's petition. Alimony payments by Ms. Wright to Mr. Quillen are

suspended, retroactive to June 16, 2000, the date her petition for reduction was filed. Mr. Quillen is ordered to refund to Ms. Wright all alimony payments received since June 16, 2000. Costs of this appeal are taxed to the appellee, Dale M. Quillen.

---

**3.** Mr. Quillen argues that the statute should not apply to non-need based alimony. This argument is without merit. First, need is the basis of all alimony. *See Campanali v. Campanali,* 695 S.W.2d 193, 197 (Tenn.Ct.App. 1985); *Lancaster v. Lancaster,* 671 S.W.2d 501, 503 (Tenn.Ct.App.1984). Second, the statute raises a rebuttable presumption "[i]n *all* cases where a person is receiving alimony in futuro and the alimony recipient lives with a third person...." Tenn.Code Ann. 36–5–101(a)(3)(emphasis added).