IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 4, 2003 Session

## JOHN WHITNEY EVANS, III v. DINAH PETREE EVANS

**Appeal from the Chancery Court for Lawrence County**
**No. 7352-95**

**No. M2002-02947-COA-R3-CV - Filed August 23, 2004**

WILLIAM C. KOCH, JR., P.J., M.S., concurring

I concur with the results of the court's opinion. However, I have elected to file this separate opinion because I cannot concur with several parts of the court's analysis.

**I.**

John Whitney Evans, III and Dinah Petree Evans were divorced in 1996. Ms. Evans began living with Dale M. Quillen in May 1999. In June 2000, after discovering that Ms. Evans had moved in with Mr. Quillen, Mr. Quillen's former wife, Pamela Wright, asked the Circuit Court for Davidson County to stop Mr. Quillen's alimony on several grounds, including Tenn. Code Ann. § 36-5-101(a)(3) (Supp. 2003). The circuit court dismissed Ms. Wright's request to suspend her alimony payments to Mr. Quillen. However, on appeal, this court held that Ms. Wright's obligation to pay Mr. Quillen alimony should have been suspended from the date she filed her petition. *Wright v. Quillen*, 83 S.W.3d 768, 776 (Tenn. Ct. App. 2002).

In March 2002, two months after we released the *Wright v. Quillen* opinion, Mr. Evans filed a petition in the Chancery Court for Lawrence County seeking to terminate his continuing obligation to pay alimony to Ms. Evans. The petition was, in part, based on Tenn. Code Ann. § 36-5-101(a)(3). There is no question that Ms. Evans was living with Mr. Quillen when Mr. Evans filed his petition. There is also no question that Mr. Quillen was paying virtually all of Ms. Evans's living expenses and that he was lavishing expensive gifts on her.

Mr. Quillen and Ms. Evans knew that Tenn. Code Ann. § 36-5-101(a)(3) could cause them some mischief. While *Wright v. Quillen* was pending, they had attempted unsuccessfully to blunt the statute's effects by renting an apartment for Ms. Evans in order to claim that they were not living together. As soon as the *Wright v. Quillen* case was concluded, Ms. Evans moved back in with Mr.

Quillen. The record in this case makes it abundantly clear that they engaged in the same conduct after Mr. Evans filed his petition based on Tenn. Code Ann. § 36-5-101(a)(3).

In May 2002, two months after Mr. Evans filed his petition, Mr. Quillen and Ms. Evans began to disentangle their living arrangements in preparation for the eventual judicial hearing on Mr. Evans's Tenn. Code Ann. § 36-5-101(a)(3) claim. Ms. Evans bought a condominium to establish that she had a separate residence from Mr. Quillen. She also changed her home address on her checking account, driver's license, and voter registration card. After she was deposed in July 2002, she moved her clothing out of Mr. Quillen's residence, even though she continued to "store" some of her belongings there and continued to have full and free access to the house. Based on this evidence, the trial court determined that Ms. Evans and Mr. Quillen were no longer cohabiting and, therefore, declined to invoke Tenn. Code Ann. § 36-5-101(a)(3) to suspend Ms. Evans's spousal support.

## II.
### THE APPLICATION OF TENN. CODE ANN. § 36-5-101(a)(3)

Mr. Evans takes issue with the trial court's refusal to invoke Tenn. Code Ann. § 36-5-101(a)(3) on two grounds. First, he insists that Ms. Evans is no longer entitled to spousal support in light of the essentially undisputed proof that she and Mr. Quillen lived together between June 2000 and July 2002. Second, he insists that the evidence preponderates against the trial court's conclusion that Ms. Evans and Mr. Quillen are not still living together. There is little merit in either argument.

Peoples' lives ebb and flow. Circumstances change. In cases like this one, the court is presented with a motion picture rather than a still photograph. When the time comes to make a decision, the court should take the parties as it finds them. While past circumstances are relevant, present circumstances provide the factual foundation for the court's decision. Thus, decisions to suspend spousal support based on Tenn. Code Ann. § 36-5-101(a)(3) should be based on the parties' circumstances at the time of the hearing.

The trial court found as a fact that Ms. Evans and Mr. Quillen were no longer living together by the time of the hearing on October 26, 2002 and, therefore, declined to suspend Ms. Evans's spousal support pursuant to Tenn. Code Ann. § 36-5-101(a)(3). Mr. Evans now insists that Ms. Evans and Mr. Quillen were simply pulling the wool over the court's eyes and that they were, in fact, still living together. While this claim is not without basis in light of Mr. Quillen's and Ms. Evans's conduct in *Wright v. Quillen*, it lacks factual support in this record.

By the time of the hearing in this case, Ms. Evans and Mr. Quillen had re-engineered their living arrangements. Based on the testimony of all concerned, the trial court determined that Ms. Evans and Mr. Quillen were no longer living together. This conclusion rests on the trial court's assessment of the witnesses' credibility. Based on this record, I find no basis to second-guess the trial court's credibility determinations or to conclude that the evidence preponderates against its

-2-

conclusion that Ms. Evans and Mr. Quillen were not living together at the time of the hearing. Because they were no longer living together, the trial court properly declined to suspend Mr. Evans's future spousal support payments based on Tenn. Code Ann. § 36-5-101(a)(3).[1]

## III.
### ATTORNEY'S FEES UNDER TENN. CODE ANN. § 36-5-103(c) (2001)

Mr. Evans also takes issue with the trial court's decision to award Ms. Evans $14,164.17 in attorney's fees pursuant to Tenn. Code Ann. § 36-5-103(c). The court, following a lengthy analysis of the application of the statute in cases involving child support and custody, now concludes that the trial court erred, not because Tenn. Code Ann. § 36-5-103(c) is inapplicable to this case, but because Mr. Evans's petition had merit when it was filed. I agree with the latter conclusion only.

Tenn. Code Ann. § 36-5-103(c), by its plain terms, applies when attorney's fees are incurred by a "plaintiff spouse . . . in enforcing any decree for alimony." In this case, neither spouse was seeking to enforce a decree of alimony. This case involves an effort by Mr. Evans to terminate, not enforce, the existing alimony decree – no more, no less. Ms. Evans did not attempt to enforce anything, and the record contains no evidence that she needed to because it is undisputed that Mr. Evans was paying his court-ordered spousal support. Because Ms. Evans was not a plaintiff spouse seeking to enforce an alimony decree, the trial court erred by using Tenn. Code Ann. § 36-5-103(c) as a basis for awarding her attorney's fees.

Concluding that Tenn. Code Ann. § 36-5-103(c) does not provide a basis for awarding Ms. Evans attorney's fees does not necessarily exclude her from recovering attorney's fees on other, non-statutory grounds. In domestic relations cases, attorney's fees, unlike child support obligations, are viewed as a form of spousal support. *Powell v. Powell*, 124 S.W.3d 100, 109 (Tenn. Ct. App. 2003); *Sullivan v. Sullivan*, 107 S.W.3d 507, 512-13 (Tenn. Ct. App. 2002). Accordingly, trial courts may consider awarding attorney's fees using the factors in Tenn. Code Ann. § 36-5-101(d)(1)(E) and other relevant factors. Thus, alimony recipients could recover attorney's fees when they successfully defend against efforts to modify an existing alimony decree if they can demonstrate that they lack the funds to pay their lawyer or that the modification petition was vexatious or lacking in substantial legal or factual support.

Based on my review of the record, I have concluded that Ms. Evans is not entitled to an award of attorney's fees. Mr. Evans had a factual and legal basis for filing his petition in March 2002. When he filed his petition, it is undisputed that Ms. Evans was living with Mr. Quillen and was not entitled to spousal support under Tenn. Code Ann. § 36-5-101(a)(3). Thus, Mr. Evans's

---

[1]I concur with the court's observation that spouses like Mr. Evans may be entitled to recover the spousal support they paid between the time they filed their petition to suspend support under Tenn. Code Ann. § 36-5-101(a)(3) and the time their former spouse stops cohabiting. In this case, that period would have been from March 2002 through July 2002 when Ms. Evans moved her clothes out of Mr. Quillen's house. Because Mr. Evans did not request this relief at trial, we cannot grant it to him on appeal. *Norton v. McCaskill*, 12 S.W.3d 789, 795 (Tenn. 2000); *Burton v. Warren Farmers Coop.*, 129 S.W.3d 513, 522 (Tenn. Ct. App. 2002).

petition had merit and was not vexatious.  Ms. Evans presented no evidence that she was unable to pay her lawyer or that she was otherwise entitled to an award for her attorney's fees.  Accordingly, the trial court should not have required Mr. Evans to pay for the legal expenses Ms. Evans incurred in response to his meritorious petition.

_____
WILLIAM C. KOCH, JR., P.J., M.S.