IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 25, 2005

**CLYDE EDWARDS v. SARAH ANN EDWARDS**

**Appeal from the Chancery Court for Unicoi County**
**No. 6609     G. Richard Johnson, Chancellor**

_____

**Filed August 25, 2005**

_____

**No. E2004-02490-COA-R3-CV**

_____

This is a post-divorce case.  Clyde Edwards ("Husband") appeals the trial court's denial of his motion to modify his alimony obligation to his former wife, Sarah Ann Edwards ("Wife"). Husband's original motion was premised on the fact that Wife was living with her adult daughter and son-in-law.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which SHARON G. LEE, J., joined. D. MICHAEL SWINEY, J., filed a dissenting opinion.

Lois B. Shults-Davis, Erwin, Tennessee, for the appellant, Clyde Edwards.

Lisa D. Rice, Elizabethton, Tennessee, for the appellee, Sarah Ann Edwards.

**OPINION**

I.

Wife's first husband, who had been a railroad employee, died in 1991.  She married Husband, who had also worked for the railroad, in 1992.  The parties were divorced ten years later.  By the terms of the divorce judgment entered in the trial court on April 29, 2002, Wife was awarded $475 per month in alimony *in futuro*, with the payments to terminate upon, *inter alia*, Wife "cohabit[ing] . . . with any other adult."

Four months after the entry of the divorce judgment, Husband filed a motion with the trial court seeking to modify the judgment.  As pertinent to this appeal, the motion is very short:

> Comes the plaintiff, Clyde Edwards, and moves the Court for an
> Order providing that alimony is no longer payable unto [Wife] in this

cause by reason of [Wife's] residing with another adult who is able-bodied and capable of contributing to the expenses of the household in which [Wife] resides.

The trial court conducted a hearing on February 3, 2003. Following the hearing, the court entered an order on August 29, 2003, reciting, in part, as follows:

> That the Court has reviewed the Decree of Divorce previously entered in this matter, particularly, the portion regarding the establishment of alimony for [Wife]. The term upon which [Husband] relies is that which reads alimony shall terminate upon the wife "cohabitating [sic] with any other adult." The Court does not consider [Wife] temporarily residing with her daughter as a violation of this provision. The Court regards cohabitation as a permanent living arrangement where [Wife] would sleep in the same bed with an adult male and permanently reside with him. The Court FINDS that [Wife] took up temporary residence with her daughter as she had no where else to go until she began receiving the additional income of her deceased husband's railroad retirement. The Court has further reviewed all factors pursuant to [Tenn. Code Ann. §] 36-5-101 in its review of [Husband's] request to terminate alimony. The Court FINDS that the relative positions of the parties, their health, financial standing and standard of living has not changed since the entry of the Decree of Divorce.

(Capitalization in original). In the same order, the court stated that it found Wife was "still . . . in need of and [Husband] has the ability to pay the alimony as ORDERED, in the amount of $475.00 per month." (Capitalization in original).

Husband filed a motion to alter or amend the trial court's judgment, which the trial court denied by order entered September 14, 2004. In the latter order, the court reversed its earlier comment as quoted above with respect to the meaning of the language "liv[ing] with a third person" as found in Tenn. Code Ann. § 36-5-101(a)(3). The court stated that it "recognize[d] that the support for the recipient of the alimony form [sic] a third source, does not have to be limited to a 'romantic' co-habitation [sic]."

Husband appeals, raising two issues:

> 1. Did the trial court err in failing to terminate alimony in accordance with the provisions of the final decree of divorce and [Tenn. Code Ann.] § 36-5-101(a)(3)(A) & (B)?

2. Did the trial court err in failing to modify or terminate alimony by reason of material change of circumstance?

## II.

Our review of this non-jury case is *de novo* upon the record of the proceedings below with a presumption of correctness as to the trial court's factual findings, "unless the preponderance of the evidence is otherwise." Tenn. R. App. P. 13(d). The trial court's conclusions of law are not accorded the same deference. ***Brumit v. Brumit***, 948 S.W.2d 739, 740 (Tenn. Ct. App. 1997).

## III.

Husband's first issue on appeal can be succinctly stated as follows: Does the evidence preponderate against the trial court's judgment refusing to terminate Wife's entitlement to alimony based upon her residing with her adult daughter? We hold that it does not.

Tenn. Code Ann. § 36-5-101(a)(3) (Supp. 2004) provides, in pertinent part, as follows:

> In all cases where a person is receiving alimony in futuro and the alimony recipient lives with a third person, a rebuttable presumption is thereby raised that:
>
> (A) The third person is contributing to the support of the alimony recipient and the alimony recipient therefore does not need the amount of support previously awarded, and the court therefore should suspend all or part of the alimony obligation of the former spouse; or
>
> (B) The third person is receiving support from the alimony recipient and the alimony recipient therefore does not need the amount of alimony previously awarded and the court therefore should suspend all or part of the alimony obligation of the former spouse.

The statute has four levels of threshold inquiry:

> (1) Is the alimony recipient "liv[ing] with a third person"?
>
> (2) Is the third person "contributing to the support of the alimony recipient"?
>
> (3) Is the third person "receiving support from the alimony recipient"?

(4) If the answer to (2) or (3) is "yes," does this establish that "the alimony recipient . . . does not need the amount of support previously awarded"?

If the answer to (4) is "yes," the court then proceeds to "suspend all or part of the alimony obligation of the former spouse." The statute, in effect, *mandates* that there has been a change in circumstances if an alimony recipient "lives with a third person," if the answer to question (2) or (3) is "yes," and if, as a consequence of these findings, "the alimony recipient . . . does not need the amount of support previously awarded." It is clear from the record that Husband's motion to modify his alimony obligation was based *solely* upon his assertion that there had been a *statutory* change in circumstances.

In connection with the four levels of inquiry alluded to above, the trial court received testimony regarding (1) Wife's living arrangement with her daughter and son-in-law; (2) the ownership of the real property and how it came to be owned by Wife's children; (3) Wife's standard of living; (4) her income, including a monthly payment of $836 from the Railroad Retirement Board on her late husband's account; (5) the assets Wife received in the divorce, plus a post-divorce payment she received as a result of a "personal injury award of [Husband]"; (6) Husband's standard of living; and (7) the living expenses of Husband and Wife. All of this evidence was relevant on the issue of whether there had been a change in circumstances under Tenn. Code Ann. § 36-5-101(a)(3).

In the instant case, the trial court specifically found that Wife's living arrangement with her daughter "was only temporary" and was to last only until "she began receiving the additional income of her deceased husband's railroad retirement," which only started after Wife was divorced from Husband.[1] Until Wife began receiving the railroad pension, "the only income received by [her]... was the $475.00 per month alimony." Moreover, the court found that Wife "had no place else to go on her limited income," and stated that the court would "not require [Wife] to live in government housing rather than her daughter's home." The court found that Wife *did* have a need for the alimony awarded at the time of the divorce. It implicitly found that Wife had successfully rebutted the dual presumptions set forth in Tenn. Code Ann. § 36-5-101(a)(3).

Our review of the record in this case persuades us that the evidence does not preponderate against the trial court's decision. The testimony from the February 3, 2003, hearing reveals that Wife moved in with her daughter in April, 2002, shortly after the divorce was finalized. Wife's only source of income at that time was the alimony of $475 per month. While she was eligible to receive her deceased husband's railroad retirement benefits immediately following her divorce from Husband, she did not actually begin receiving payments until October, 2002; the payments amount to $836 per month. Shortly after moving in with her daughter in April, 2002, Wife underwent surgery on her shoulder and was unable to use her arm for a period of time, during which she required the assistance of her daughter to complete everyday activities. Wife was preparing to move

---

[1] As we understand the record, Wife was not eligible to receive a pension on the account of her late husband's railroad service *so long as she was married to Husband*.

– and, following the hearing, apparently did move – into a mobile home located on her daughter's property. She planned to pay her daughter $375 per month in rent, which was the amount paid by the previous tenants of the mobile home.

Given Wife's very limited income and the fact that her residence with her daughter was only temporary (less than a year, in fact), we cannot say that the evidence preponderates against the trial court's decision that she was still entitled to receive the alimony payments of $475 per month.

IV.

By way of his second issue, Husband argues that there has been a material change in Wife's circumstances justifying a modification or termination of his alimony obligation.

By referring to the original motion filed by Husband, it can readily be seen that the only issue raised by him was whether he was entitled to relief from his alimony obligation under Tenn. Code Ann. § 36-5-101(a)(3). At no time prior to the trial court's order of August 29, 2003, did Husband amend his motion to seek relief on any ground other than the statutory change in circumstances dealing with the fact that Wife was living with her daughter. It is true that there was extensive testimony at the hearing on February 3, 2003, regarding Wife's standard of living, place of residence, income (including the railroad pension), and her expenses. But as far as we can tell from the record, these matters were all raised in the context of whether these facts warranted a reduction in alimony based upon the "liv[ing] with a third person" statute. There is nothing in any of this to indicate that the trial court had before it, either expressly or by implication, the issue of whether there had been a general change in circumstances warranting a modification of the alimony obligation. The presentation of evidence relevant both to an issue that has been pleaded and an issue that has not been raised does not establish that the non-pleaded issue was tried by the implied consent of the parties. ***Vantage Technology, LLC v. Cross***, 17 S.W.3d 637, 649 (Tenn. Ct. App. 1999).

Husband's filing after the court's order of August 29, 2003, impliedly recognizes that his second issue was not before the court on February 3, 2003. This can be seen from the motion to alter or amend filed by Husband on September 26, 2003. The first paragraph of the motion clearly demonstrates that Husband was attempting to pursue – and for the first time – something other than relief under Tenn. Code Ann. § 36-5-101(a)(3). That paragraph reads as follows:

> Comes the plaintiff, Clyde Edwards and moves the Court to reconsider its orders in this cause concerning alimony, alter or amend the order concerning alimony, or grant a new trial on the issue of termination of alimony. *In the alternative plaintiff moves the court to modify its prior order and terminate alimony by reason of change of circumstances.*

(Emphasis added).

A motion to alter or amend under Tenn. R. Civ. P. 59.04 is addressed to the sound discretion of the trial court. ***Stovall v. Clarke***, 113 S.W.3d 715, 721 (Tenn. 2003). Here, the trial court declined to grant Husband's motion, noting that it found "no change in circumstances meriting any modification or elimination of alimony." In effect, Husband, by way of a ground not previously pleaded, was seeking relief based upon evidence, all of which was relevant to the sole basis alleged in the original motion, *i.e.*, relief under the aforesaid statute. Husband cannot now be heard to complain about the failure of the trial court to grant relief on an issue Husband did not plead prior to the hearing.

We are loath to place the trial court in error for failing to try a "phantom" issue – one that was not squarely raised until after Husband had already had a full and fair hearing on the one issue that was raised in the original motion.

We note that there is some suggestion in the record that Husband, who had also worked for the railroad, was aware at the time of the parties' divorce that, once divorced from him, Wife would be eligible for a pension by virtue of her first husband's service with the railroad. This is shown by the fact that at the earlier divorce hearing, Husband's counsel asked Wife's daughter – but, curiously, not Wife – if her mother would be eligible for a pension on the account of her late husband.[2] The subject was not otherwise pursued at the divorce hearing. If Husband knew Wife would be eligible to receive, post-divorce, a railroad pension, the later receipt of that pension would hardly be a change in circumstances. *See ****Wright v. Quillen***, 83 S.W.3d 768, 772 (Tenn. Ct. App. 2002). A litigant will not be permitted to hold a matter "in reserve" until he or she sees how things go at trial, and then, if the result is not favorable, spring the reserved matter by a motion to alter or amend. The trial court in the instant case seems to have believed that this was what Husband was trying to do. When counsel for Husband was arguing the motion to alter or amend and trying to convince the trial court that Wife had been less than candid at the divorce hearing with respect to the railroad retirement pension that she would be eligible to receive once she was divorced, the trial court interrupted with the following comment: "Haven't you had your bite out of the apple in contesting the Final Decree?"

We find no abuse of discretion in the trial court's refusal to modify the alimony obligation based upon a non-statutory change of circumstances. ***Stovall***, 113 S.W.3d at 721.

The dissent believes that the trial court's statement following the hearing on the motion to alter or amend to the effect that it did not find a change in circumstances in this case means that the court considered the substance of that motion. We disagree. It is clear that the trial court did not afford the parties a new evidentiary hearing on Husband's newly-asserted contention that there had been a general change in circumstances warranting a reduction in alimony. In our judgment, the trial court did not consider Husband's new contention. We believe that the trial court, in *again* stating that there had been no change in circumstances, was simply repeating what it had said at the end of the first post-divorce hearing, *i.e.*, that Husband had not shown the statutory change of circumstances referred to in the "liv[ing] with a third person" statute.

---

[2]The daughter stated that she did not know.

V.

The judgment of the trial court is affirmed. This case is remanded to the trial court for collection of costs assessed below, pursuant to applicable law. Costs on appeal are taxed to the appellant, Clyde Edwards.

_____
CHARLES D. SUSANO, JR., JUDGE