IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
July 18, 2007 Session

## JANETTE DIRENZO FRAZIER v. RUSSELL KEITH FRAZIER

**Direct Appeal from the Chancery Court for McNairy County**
**No. 8141     Martha B. Brasfield, Chancellor**

---

**No. W2007-00039-COA-R3-CV - Filed August 27, 2007**

---

The trial court found Defendant/Petitioner to be in contempt; denied his petition to modify alimony upon finding no change in material circumstance; ordered him to pay back alimony, plus 10% interest; awarded Plaintiff/Respondent's attorney's fees. On appeal, Defendant/Petitioner asserts the trial court erred in failing to find a material change in circumstance. We vacate in part, affirm in part, and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated in part;**
**Affirmed in Part and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and BEN H. CANTRELL, SP. J., joined.

Curtis F. Hopper, Savannah, Tennessee, for the appellant, Russell Keith Frazier.

Betty Stafford Scott and Mary Jo Middlebrooks, for the appellee, Janette Direnzo Frazier.

### OPINION

This appeal arises from the trial court's denial of a petition to modify alimony based on a material change in circumstance. Plaintiff/Respondent/Appellee Janette DiRenzo Frazier (Ms. Frazier) and Defendant/Petitioner/Appellant Russell Keith Frazier (Mr. Frazier) were married in 1990. At the time of the marriage, Ms. Frazier was thirty-nine years of age and Mr. Frazier was twenty-four. No children were born of the marriage.

Ms. Frazier filed for divorce in September 2004. She was then fifty-three years of age and unemployed; Mr. Frazier was thirty-seven years of age and employed with Aqua Glass Corporation as a maintenance manager. The Fraziers also jointly owned a business known as Performance Engineering, which distributed Dell computers and appears to have been operated primarily by Mr. Frazier.

Ms. Frazier was granted a divorce on the grounds of inappropriate marital conduct, and the trial court entered the final decree and MDA on April 11, 2005. Pursuant to the MDA, Mr. Frazier agreed to pay, after the sale of the marital residence, rehabilitative alimony in the amount of $625 per month for three years. Mr. Frazier also agreed to assume the parties' debts as alimony, and received 40% of the proceeds of sale of the marital home. Ms. Frazier waived all interest in Performance Engineering. The MDA divided the parties' personal property and bank and retirement accounts between them. Mr. Frazier also was required to maintain life insurance policies totaling $300,000 with Ms. Frazier as sole beneficiary for a period of five years.

In October 2005, Ms. Frazier filed a motion for civil contempt alleging that Mr. Frazier had failed to make payments on the parties' debt and to remove Ms. Frazier's name from such debt as provided by the MDA and decree of divorce. She also asserted that Mr. Frazier had failed to maintain the marital home as agreed. Following a hearing, the trial court found Mr. Frazier to be in contempt and, in January 2006, awarded Ms. Frazier a judgment for unpaid debt. The trial court also ordered Mr. Frazier to refrain from incurring additional debt until such time as he complied with the MDA. Ms. Frazier filed a second motion for contempt and a motion "to distribute home banking funds." The trial court heard the matter on January 23, and in February 26 entered an order again finding Mr. Frazier in contempt, ordering him to comply with the terms of the MDA, and awarding Ms. Frazier attorney's fees.

On March 9, 2006, Mr. Frazier filed his first petition to modify alimony. In his petition, Mr. Frazier asserted a material change in circumstance had occurred where Performance Engineering's contracts had not been renewed and where Performance Engineering was "now defunct." He submitted that, when he agreed to the alimony award, Performance Engineering was generating an average of approximately $8,500 per month. He further submitted that his net take home pay currently was $2000. On June 22, Mr. Frazier amended his petition, asserting that his twenty-year employment with Aqua Glass had been terminated as of May 15, 2006, and that his income was $275 per week in unemployment benefits. In September 2006, Ms. Frazier filed a third motion for contempt, asserting Mr. Frazier had failed to pay alimony since July 2006 and had failed to provide proof of insurance coverage as ordered by the court.

The trial court heard Ms. Frazier's petition for contempt and Mr. Frazier's petition to modify alimony on November 20, 2006. The trial court found Mr. Frazier to be in contempt and determined there had been no material change of circumstances since entry of the final decree of divorce in April 2005. The trial court ordered Mr. Frazier to continue to pay Ms. Frazier rehabilitative alimony in the amount of $625 per month. It further awarded Ms. Frazier a judgment in the amount of $3,125, plus 10% interest, for alimony arrearages; ordered Mr. Frazier to provide proof of insurance; and awarded Ms. Frazier attorney's fees in the amount of $2,585.31. The trial court entered final judgment in the matter on December 13, 2006, and Mr. Frazier filed a timely notice of appeal to this Court.

### *Issues Presented*

Mr. Frazier raises the following issues, as we restate them, for our review:

(1)     Whether the trial court erred in failing to find a material change in circumstance warranting a reduction in alimony.

(2)     Whether the trial court erred in awarding Ms. Frazier's attorney's fees.

Ms. Frazier presents no additional issues, but requests attorney's fees on appeal.

### *Standard of Review*

The need of the recipient spouse, followed by the obligor's ability to pay, are the most important factors to be considered by the trial court when making an initial determination of whether alimony should be awarded. *Wright v. Quillen*, 83 S.W.3d 768, 772 (Tenn. Ct. App. 2002)(citation omitted). When the trial court has made an award of alimony, that award may be modified only upon a showing of a substantial and material change in circumstances. *Id.*; Tenn. Code Ann. § 36-5-121(a)(2005). The party seeking the modification bears the burden of proving the substantial and material change which justify it. *Wright*, 83 S.W.3d at 772. The asserted change in circumstances must have occurred after the original award, and such change is not material if it was contemplated by the parties at the time of the divorce. *Id.* A substantial change is one that has a significant impact on the recipient's need or the obligor's ability to pay. *Id.* at 773. However, demonstrating a substantial and material change in circumstances does not automatically entitle the petitioner to a modification of the alimony award. *Id.* Rather, after such change is proved, the petitioning party must then demonstrate that a modification is justified. *Id.* Where relevant, the court should utilize the criteria provided by Tenn. Code Ann. 36-5-121(i), the criteria upon which an initial award is based, to determine whether a modification is warranted. *Id.* Further, in the modification context, the need of the recipient and the ability of the obligor to pay must be given equal consideration. *Id.* (citing *Bogan v. Bogan*, 60 S.W.3d 721, 730 (Tenn. 2001)).

Modification of an alimony award is a factually driven determination that requires a balancing of many factors. *Id.* at 772. The trial court is therefore given wide discretion. *Id.* Our review of a trial court's findings of fact is accompanied by a presumption of correctness. *Id.*; Tenn. R. App. P. 13(d). However, we review a trial court's conclusions of law *de novo* with no presumption of correctness. *Id.* Because the trial court observes the witnesses as they testify, it is in the best position to assess witness credibility. *Wells v. Tenn. Bd. of Regents*, 9 S.W.3d 779, 783 (Tenn. 1999). We therefore review a trial court's determinations on matters of witness credibility with great deference. *Id.* Accordingly, we will not re-evaluate a trial judge's credibility determinations unless they are contradicted by clear and convincing evidence. *Id.* With these standards in mind, we turn to whether the trial court erred in determining that no substantial and material change in circumstance had occurred to warrant a reconsideration of the alimony award in this case.

*Analysis*

In his brief to this Court, Mr. Frazier asserts that, when he agreed to the alimony payment, his combined income from Aqua Glass and Performance Engineering was $8,500 per month.[1] He further asserts that the loss of his position with Aqua Glass, where he had been employed for twenty years, was not anticipated and represents a substantial and material change in circumstance notwithstanding the status of Performance Engineering. He contends that, after paying the marital debt he agreed to pay in the MDA and a truck payment in the amount of $365 per month, he has no disposable income. Mr. Frazier also asserts Ms. Frazier is now earning $10.00 per hour, and that, in addition to his decreased ability to pay, Ms. Frazier has a decreased need.

Ms. Frazier disputes these assertions, however, and contends that, when she agreed to the terms of the MDA, Mr. Frazier asserted his income from Performance Engineering was insignificant. Ms. Frazier asserts that according to the 2004 and 2005 income tax returns, Performance Engineering had gross sales in the amount of $3,500 and $706, respectively. She also asserts Mr. Frazier has received a severance package from Aqua Glass in the amount of $28,537, payable in biweekly installments, and an additional lump sum in the amount of $5,609. Thus, his severance package alone, which totals over $28,000, exceeds his total alimony obligation of $22,500. She further asserts that the record reflects that Mr. Frazier has marketable computer skills, has completed a commercial driver's license, and has a contract to work for a trucking company upon completion of a thirty-day training period. Ms. Frazier further submits that Mr. Frazier and his current wife have purchased a home and maintain a life-style which reflects Mr. Frazier has the ability to fulfill his alimony obligation.

The dispositive question in this case, as we perceive it, is whether the undisputed loss of Mr. Frazier's employment with Aqua Glass is a substantial and material change in circumstance that affects his ability to fulfil his alimony obligation to Ms. Frazier. The tax return contained in the record indicates that in 2004 Performance Engineering generated gross sales in amount of $3,500 and showed a net loss in the amount of $3,857. Although the 2005 tax return does not appear to be included in the record, we cannot say the evidence preponderates against the trial court's implicit finding that the "defunct" status of Performance Engineering does not constitute a material change in circumstance. We accordingly turn to the loss of Mr. Frazier's position with Aqua Glass.

Although it is uncontroverted that Mr. Frazier apparently was terminated without cause after twenty years of employment, Steven Simon (Mr. Simon), vice president of human resources for Aqua Glass, testified that, beginning June 30, 2006, Mr. Frazier received severance benefits in the amount of $2,195 every two weeks. Mr. Simon further testified that Mr. Frazier will receive a total of $28,537 in severance benefits. He also testified that Mr. Frazier received an additional lump sum benefit in the amount of $5,609.88.

---

[1]We note that Mr. Frazier's assertions regarding his total income are somewhat inconsistent where, in his petition in the trial court, he indicated that Performance Engineering generated income of approximately $8500 per month.

Mr. Frazier testified that, as of the hearing of this matter, he was unemployed and receiving $275 a week in unemployment benefits in addition to the severance package. He testified that his current wife had purchased a home in October 2005. Mr. Frazier further testified that a $171,000 loan taken to build the new home was in his current wife's name, and was obtained when she was employed as a dispatcher for a trucking company. He also testified that additional purchases, including a camper, had been made by his wife, who was no longer employed, however.

Mr. Frazier also testified that he had conducted job searches through Career Builder and Monster.com and had submitted employment applications with relevant area industries. He testified that he had obtained a commercial driver's license, and would be able to drive a truck for Covenant Transport after a thirty-day training period. Mr. Frazier additionally testified that he had a contract with Covenant Transport. He testified that several of the marital debts which he was obligated to pay have been completely paid, and that the lump sum payment from Aqua Glass had been used to pay down the marital debt. Mr. Frazier also testified that he failed to reveal his severance package on his petition to modify under advice of counsel because the package included a confidentiality agreement providing that disclosure would result in forfeiture of the package.

In its final order, the trial court made no findings of fact, but concluded a material change in circumstance had not occurred. We disagree with this conclusion. Although we are not insensitive to the trial court's statements from the bench that Mr. Frazier was less than forthcoming regarding his severance package and that $625 per month "is not that much . . . in the scheme of things," there is no dispute in this case that Mr. Frazier had lost a long-term position with Aqua Glass and no evidence was offered by Ms. Frazier to demonstrate his anticipated income with Covenant Transport. Further, although Ms. Frazier received approximately half of the parties' assets at the time of the divorce, Mr. Frazier assumed the parties' marital debt as alimony, and his testimony that these debts exceeded his current income at the time the matter was heard is uncontroverted.

### Holding

In light of the forgoing, we hold the loss of Mr. Frazier's position with Aqua Glass constitutes a material change in circumstance. The judgment with respect to Mr. Frazier's petition to modify is vacated, and this matter is remanded for further proceedings to determine whether an adjustment to Mr. Frazier's alimony obligation is warranted in light of his current income. The judgment with respect to Ms. Frazier's petition for contempt and alimony arrearages is affirmed. Accordingly, the trial court's award of attorney's fees to Ms. Frazier is vacated and remanded for further consideration in light of this holding. Ms. Frazier's request for attorney's fees on appeal is denied. Cost of this appeal are taxed to the Appellee, Janette DiRenzo Frazier.

_____
DAVID R. FARMER, JUDGE