IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 1, 2021

## LISA ANN CROUCH v. CALVIN CONWAY CROUCH

Appeal from the Chancery Court for Coffee County
No. 2014-CV-248     Vanessa A. Jackson, Judge

_____

No. M2020-00951-COA-R3-CV

_____

In post-divorce proceedings, a former husband petitioned to reduce or terminate his alimony in futuro payments to his former wife. The trial court denied the former husband's request, ruling that he failed to show that a substantial and material change of circumstances had occurred since the alimony was awarded. The former husband appealed, and we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and THOMAS R. FRIERSON, II, J., joined.

Eric J. Burch, Manchester, Tennessee, for the appellant, Calvin Conway Crouch.

H. Thomas Parsons, Manchester, Tennessee, for the appellee, Lisa Ann Crouch.

## OPINION

### I. FACTUAL AND PROCEDURAL BACKGROUND

Lisa Ann Crouch ("Wife") and Calvin Conway Crouch ("Husband") were divorced in February 2016 following a twenty-two year marriage. They were both forty-two years old and had no minor children at the time of the divorce. The court divided the marital property between the parties and ordered Husband to pay Wife alimony. Husband was ordered to pay transitional alimony to Wife in the amount of $500 per week from March 1, 2016, through February 28, 2018; $400 per week from March 1, 2018, through February 28, 2019; and $300 per week as alimony in futuro beginning on March 1, 2019.

In June 2019 Wife filed a petition for civil contempt based on Husband's failure to remain current in his alimony payments. When she filed the petition, Wife contended that

Husband was $700 in arrears. Husband answered Wife's petition and filed a counter-petition seeking to reduce or terminate his alimony obligation based on a material change of circumstances. The trial court held a hearing on June 17, 2020, and filed orders on June 22 and July 16, 2020. The court concluded that Husband was $100 in arrears on his alimony obligation and ordered him to pay Wife that amount. The court denied Husband's petition to reduce or terminate his alimony obligation, finding "that there had been no change of circumstance justifying cessation of alimony, or reduction thereof, of the amounts previously ordered."

Father appeals the trial court's denial of his petition to reduce or terminate his alimony payments to Wife. He asserts that the court erred in failing to find a substantial and material change in circumstances that justified reducing or terminating the payments. Husband contends that Wife was suffering from various medical conditions when they were divorced and that she was not earning an income. When he filed his petition, however, Husband asserted that Wife (1) had someone living with her who was contributing to her expenses and (2) was employed and earning enough money to support herself.

Wife was the only witness who testified at the hearing. She stated that she was employed as a housekeeper at The Holiday Inn, where she was paid $4.37 for each room she cleaned. The hearing occurred in June 2020, in the midst of the COVID-19 pandemic, and Wife testified that she was working between twenty and twenty-five hours a week. Wife stated that she often earned "a hundred and something for about two weeks," and that the most she had earned was $450 or $475 when the hotel was "super busy."

On cross-examination, Wife testified that she was not working when the parties were divorced and did not know if she would be able to work "at any meaningful employment" because of how she felt "physically and emotionally."[1] As time passed, Wife stated, she started telling herself, "you're going to have to [do] this, you're going to have to [do] that, and you're going to have to make yourself." Wife testified that, at the time of the divorce trial in 2016, she hoped that she would be able to work "at some point" in the future, but that she did not know when that would be. Wife agreed that her job at the hotel was physically demanding and stated that "most of the time, other ladies help me to complete my work." Wife testified that she would like to have a less physically demanding job, but that she had not yet found another job.

When asked about third parties who lived with her, Wife stated that her 29-year-old son[2] was living with her but that he was not working. There was some discussion regarding

---

[1]In its order filed on February 5, 2016, granting the parties a divorce, the trial court found that Wife suffered from a herniated disk and pinched nerve in her back, chronic obstructive pulmonary disease, and chronic bronchitis.

[2]Husband is not the father of Wife's adult son.

the son's ability to work due to a disability. Wife testified that her son had not applied for disability benefits but that she was certain he would qualify for benefits if he applied for them. Wife was using her son's car "half the time now" and was paying the insurance on it. Wife also stated that one of the parties' daughters, along with her boyfriend, was living with her at the time of the divorce trial but that they had not contributed to the household expenses and were no longer living with her. Wife testified that her daughter purchased her own food when she lived with Wife. Wife had sold the marital house she received in the divorce, and she stated that she and her son were residing at the hotel where she worked until she could find another place to live.

## II. ANALYSIS

This case involves the trial court's award of alimony in futuro. We have described the appropriate standard of review for cases involving the modification of alimony awards as follows:

> "Because modification of a spousal support award is factually driven and calls for a careful balancing of numerous factors, a trial court's decision to modify support payments is given wide latitude within its range of discretion." *Bogan v. Bogan,* 60 S.W.3d 721, 727 (Tenn. 2001) (quotations omitted). On appeal, we are "generally disinclined to second-guess a trial judge's spousal support decision." *Gonsewski v. Gonsewski,* 350 S.W.3d 99, 105 (Tenn. 2011). "[T]he role of an appellate court in reviewing an award of spousal support is to determine whether the trial court applied the correct legal standard and reached a decision that is not clearly unreasonable." *Id.* (citing *Broadbent v. Broadbent,* 211 S.W.3d 216, 220 (Tenn. 2006)). We will find an abuse of discretion "when the trial court causes an injustice by applying an incorrect legal standard, reaches an illogical result, resolves the case on a clearly erroneous assessment of the evidence, or relies on reasoning that causes an injustice." *Id.* (citing *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011); *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 335 (Tenn. 2010)).

*Malkin v. Malkin*, 475 S.W.3d 252, 257 (Tenn. Ct. App. 2015).

Alimony in futuro "is a payment of support and maintenance on a long term basis or until death or remarriage of the recipient." Tenn. Code Ann. § 36-5-121(f)(1). When alimony in futuro has been awarded and the recipient lives with a third party, a rebuttable presumption arises that (1) the recipient does not need the amount of alimony awarded because the third party is contributing to the support of the alimony recipient or (2) the third party is receiving support from the alimony recipient and the alimony recipient does not need the amount of alimony previously awarded. *Id.* § 36-5-121(f)(2)(B). Once the presumption is triggered, the alimony recipient must demonstrate the need for continued

support. *Gentry v. Gentry*, No. M2007-00876-COA-R3-CV, 2008 WL 275881, at *4 (Tenn. Ct. App. Jan. 31, 2008); *see also Wright v. Quillen*, 83 S.W.3d 768, 775 (Tenn. Ct. App. 2002); *Azbill v. Azbill*, 661 S.W.2d 682, 686 (Tenn. Ct. App. 1983). Alimony in futuro awards remain in the control of the trial court "for the duration of the award and 'may be increased, decreased, terminated, extended, or otherwise modified, upon a showing of substantial and material change in circumstances.'" *Malkin*, 475 S.W.3d at 258 (quoting Tenn. Code Ann. § 36-5-121(f)(2)(A)). For purposes of modifying an alimony in futuro award, "a change in circumstances is considered to be 'material' when the change (1) 'occurred since the entry of the divorce decree ordering the payment of alimony,' and (2) was not 'anticipated or [within] the contemplation of the parties at the time [of the divorce].'" *Bogan v. Bogan*, 60 S.W.3d 721, 728 (Tenn. 2001) (quoting *Watters v. Watters*, 22 S.W.3d 817, 821 (Tenn. Ct. App. 1999)). "[A] change of circumstances is considered to be 'substantial' when it significantly affects either the obligor's ability to pay or the obligee's need for support." *Id.* As the party seeking to modify the alimony award, Husband "'bears the burden of proving that a substantial and material change in circumstances has occurred.'" *Malkin*, 475 S.W.3d at 258 (quoting *Wiser v. Wiser*, 339 S.W.3d 1, 12 (Tenn. Ct. App. 2010)).

The trial court did not include findings of fact in its order denying Husband the relief he sought. *See* TENN. R. CIV. P. 52.01 ("In all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment.") When a trial court fails to make factual findings, "'appellate courts may 'soldier on' when the case involves only a clear legal issue, or when the court's decision is 'readily ascertainable.'" *Hanson v. J.C. Hobbs Co., Inc.*, No. W2011-02523-COA-R3-CV, 2012 WL 5873582, at *10 (Tenn. Ct. App. Nov. 21, 2012) (quoting *Simpson v. Fowler*, No. W2011-02112-COA-R3-CV, 2012 WL 3675321, at *4 (Tenn. Ct. App. Aug. 28, 2012)); *see Maupin v. Maupin*, 420 S.W.3d 761, 770 (Tenn. Ct. App. 2013) (citing *Curtis v. Hill*, 215 S.W.3d 836, 839 (Tenn. Ct. App. 2006)) (stating that when a trial court fails to make findings of fact, "we must conduct our own review of the record to determine the controlling facts by a preponderance of the evidence"). Because Wife was the only witness and the legal issue is clear, we are able to review the evidence and determine the controlling facts by a preponderance of the evidence. We have summarized Wife's testimony above. The trial court made no findings regarding Wife's credibility, and Husband has not argued that we should question the veracity of her testimony.

Based on our review of the evidence, we agree with the trial court that Husband failed to prove a substantial and material change of circumstances has occurred since the alimony award in 2016. Although Wife was not earning an income when the parties were divorced, she testified that, at the time of the divorce trial, she had hoped to be in a position

to work at some point in the future.[3]  Thus, Husband is unable to prove that her future employment was not contemplated at the time of the divorce.

Husband also argues that he should not have to pay Wife alimony in light of third parties who have resided with Wife since the divorce.  Wife testified that the daughter and boyfriend who lived with her for a period of time bought their own food and that she did not pay their bills.  At the time of trial, Wife did not have her daughter (or her daughter's boyfriend) residing with her, but she was living with her adult son at the hotel where she worked. Wife stated that she was paying $50 (plus tax) per night to stay at the hotel, which was more than her mortgage had been before she sold the marital home.  Wife testified that she was paying the insurance on her son's car, but she stated that she was driving it "half the time."  Wife stated that her son was not employed and was, therefore, not contributing to her living expenses.  No evidence was introduced suggesting that Wife was paying more for her hotel room because her son was staying with her, and the record contains no evidence regarding the amount Wife was spending to support her son.

Although the trial court did not explicitly find that Wife rebutted the statutory presumption set forth in Tenn. Code Ann. § 36-5-121(f)(2)(B), such finding is implicit in the trial court's denial of Husband's request to reduce or terminate Wife's award.  In other cases where an alimony recipient had an unemployed adult son living with him or her, we did not disturb the trial court's determination that the recipient was not precluded from receiving alimony because of the son's residence in the home.  *See Naylor v. Naylor*, No. W2016-00038-COA-R3-CV, 2016 WL 3923790, at *9 (Tenn. Ct. App. July 15, 2016) (affirming trial court's consideration of wife's need for alimony in futuro despite fact that adult son lived with her and failed to contribute financially to household); *Ezekiel v. Ezekiel*, No. W2014-02332-COA-R3-CV, 2015 WL 4916930, at *8 (Tenn. Ct. App. Aug. 17, 2015) (declining to find trial court abused its discretion in considering wife's need for alimony despite fact that adult son lived with her and did not contribute to household expenses); *see also Yuhasz v. Yuhasz*, No. M2017-00880-COA-R3-CV, 2018 WL 2374107, at *4 (Tenn. Ct. App. May 24, 2018) (declining to adjust wife's award of alimony based on adult children's living with wife where evidence showed wife's expenses were no higher due to children's residence in house).

The record does not reveal how long Wife's son had been living with her or whether he would continue to live with her in the future.  "Even a substantial and material change of circumstances does not automatically result in a modification. Modification must also

---

[3]Following the presentation of evidence, the trial court judge referenced her notes from the divorce proceeding and stated:

> [F]rom reading my Findings of Fact and from my recollection of the testimony over the many months that we have been in court on this matter, it was anticipated - - and I believe I actually stated it at one point in time - - that [Wife] was going to have to get a job if she was going to be able to live.  There wasn't any way around it.

be justified under the factors relevant to an initial award of alimony, particularly the receiving spouse's need and the paying spouse's ability to pay." *Gentry*, 2008 WL 275881, at *2 (citing *Bogan*, 60 S.W.3d at 730; *Quillen*, 83 S.W.3d at 773). Husband introduced no evidence regarding his ability to pay the alimony ordered, and he failed to prove that Wife's need for the spousal support was less than it was when the alimony was awarded. Wife was working at the time of the hearing, but her income was not consistent from week to week, and the record contains no evidence of Wife's expenses other than the nightly cost to stay at the hotel. We conclude that Husband failed to show that the trial court abused its discretion by declining to reduce or terminate Wife's alimony award.

### III. CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed against the appellant, Calvin Conway Crouch, for which execution may issue, if necessary.

_/s/ Andy D. Bennett_____
ANDY D. BENNETT, JUDGE